# 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔒𝔬𝔲𝔯𝔱 𝔬𝔣 𝔱𝔥𝔢 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞,

## AT ATLANTA,

# JANUARY TERM, 1871.

---

PRESENT—O. A. LOCHRANE, CHIEF JUSTICE.
H. K. McCAY,  } JUDGES.
HIRAM WARNER, }

---

43    9
108   222

STONEWALL JACKSON LOAN AND BUILDING ASSOCIATION, plaintiff in error, *vs.* JAMES A. McGRUDER, *et al.*, defendant in error.

1. The Act of 1869, declaring the dignity of mechanics' and laborers' liens, and providing a summary mode for their enforcement, is not retroactive so as to give them a preference over a specific lien by mortgage, made by the debtor, before the passage of the Act.
2. The lien of mechanics and laborers is a general one on all the property of the employers, and is to be enforced, as steamboat liens, so far as the steamboat lien law is applicable to the circumstances; and no specific property need be described in the affidavit or warrant.
3. These liens are of the same dignity as other liens of the class for which summary remedies are provided, and they are superior to all other liens, even of prior date, vesting since the passage of the Act of 1869.

Liens. Before Judge GIBSON. Richmond Superior Court. June Term, 1870.

VOL. XLIII—1.          9

On the 15th of February, 1868, the Stonewall Jackson Loan and Building Association took a mortgage upon certain property. They foreclosed it, had the property levied on in 1869, and the sheriff sold the property and brought the money into Court.

Various *fi. fas.* against the mortgagors came into Court to claim this money. They were all in favor of laborers and mechanics, and sued out under the steamboat lien law, in March, 1869. Counsel for the Association moved to quash these *fi. fas.*, because the proceedings did not show that mortgagors had employed plaintiffs in *fi. fas.*, and that these debts arose during and by reason of such employment; because the affidavits did not specify the property on which lien was claimed; because executions did not issue at once, on filing affidavits, but many days after. The Court refused to quash the *fi. fas.*, and held that they would take the money from said mortgagee. This is assigned as error.

McLAWS & GANAHL, for plaintiff in error. Mortgage being oldest, its lien is best: Constitution of 1868; sec. 30, of Art. I.; Act March 19th, 1869. Statutes not retroactive: Dwarris on Statutes, 540; 1 Ad. and E., 338; R. Code, secs. 2, 6, 8; 1 Kelly, 173; 15 Ga. R., 496; 28th, 601; 34th, 386; 40th, 562, 576. If retroactive, unconstitutional: Constitution U. S., Art. I., sec. 10; Const. Ga., Art. I., sec. 1; Art. XI., sec. 5. Priority of payment part of contract: 5 Cranch. Taking it away impairs obligation; 1 How. R., 311; 2d, 608; 38 Ga. R., 350; 39th, Hardeman vs. Downer. Lien law to be strictly followed: 6 Ga. R., 165. Motion to quash well taken: R. Code, secs. 3529, 3528; 9 Ga. R., 117, 247; 10th, 371; 8th, 143; 16th, 578; 20th, 90, 581; 24th, 325; 39th, 578.

BARNES & CUMMING; HILLIARD & KING; H. CLAY FOSTER, for defendants.

McCay, Judge.

1. Neither the Act of 1869, nor the Constitutional clause upon which it was founded, is retroactive in its terms. Both of them use language referring to the future, and it would be violating all the rules for construing statutes to give them a retroactive operation so as to affect rights vested before their passage: Dwarris on Statutes. We cannot, therefore, agree with the Court below in giving these laborers' and mechanics' *fi. fas.* a preference in the distribution of this fund, over the lien of the plaintiff's mortgage, made and duly recorded before the laws granting these liens had any existence.

2. These liens are, however, as the Constitution and the Act of 1869 provides, liens upon *all the property* of the employer, from the date of the performance of the labor. It is true, the Act provides that they shall be enforced as steamboat liens are enforced, and the Code requires the proceedings under the steamboat lien law to set out and describe the property, etc. Revised Code, section 1969. But obviously, the Act of 1869 intends that the steamboat lien law shall be followed only so far as it is applicable to the case. Almost all the liens created of late years are declared enforceable as steamboat liens are enforced. Act of 1866, for lien of factors and landlords. See also, Code, 1971, 1972, 1974. But to hold parties to a rigid adherence to the letter of the steamboat law would make these provisions wholly nugatory, as it would be impossible to conform, in this sense. As these liens of mechanics and laborers are upon all the property of the employer, we hold it unnecessary to describe any property specifically in the proceedings.

3. As to the dignity of these liens, we understand the Statute of 1869 to put them on a footing with factors' liens under the Act of 1866, and other liens of like character, as steamboat liens, mechanics' liens, under the Code, and thus they are superior to judgments, mortgages and liens, for which

no special provision is made for their speedy and summary enforcement. As to liens of equal dignity, they, by the Code, section 1982, take rank, the oldest first. As to the other liens, including mortgages, judgments, etc., they yield to the laborer and mechanic, even though of older date, unless they be older than the Act of 1869.

We do not care to discuss the policy of this law, though we think it founded in good sense and based on a wise public policy. It is intended to secure to a large class of poor people, dependent for subsistence upon the safe and speedy collection of their wages, a speedy mode of enforcing their just claims. It is intended also to give to these dependent people a preference to ordinary debts. And this, as we think, is also a wise public policy. These claims are generally small; they belong, for the most part to persons who look solely to their daily wages for immediate subsistence, and if they lose that they are in want, and in danger of becoming a *public charge.* It is only in cases of insolvency that this preference can practically interfere with other debts, and the laborer, very properly, in our judgment, is thought by the Legislature to have the highest claim upon the assets of an insolvent debtor.

Judgment reversed.