· PITTSBURGH PLATE GLASS CO *v.* PETERS LAND CO.

| 123 | 723 |
| 124 | 892 |
| 123 | 723 |
| 125 | 220 |
| 125 | 340 |
| 126 | 616 |

One who furnishes material for the improvement of real estate, upon the employment of a contractor whose contract for the improvement is with a lessee, and who sustains no contractual relation with the owner of the fee, is not entitled to a lien as against such owner under the provisions of the Civil Code, § 2801, par. 2, as amended by the act of 1899 (Acts 1899, p. 33, Van Epps' Code Supp. § 6176).

Argued June 26, — Decided August 3, 1905.

Foreclosure of lien. Before Judge Lumpkin. Fulton superior court. November 22, 1904.

The Pittsburgh Plate Glass Company, a corporation, brought suit against the Peters Land Company, a corporation, the Gale Manufacturing Company, a partnership, DeSaussure, trustee in bankruptcy of the partnership, and Daniel Brothers, a partnership. The petition alleged, that the plaintiff was a materialman and as such supplied to the Gale Manufacturing Company glass of a stated value, which was used by that company in improving the premises of the Peters Land Company, consisting of a described lot and building in the city of Atlanta. Daniel Brothers were lessees of the Peters Land Company, holding under a three-year lease, and at the time of its execution neither the glass nor window inclosures for which the material was supplied by the manufacturing company were in the rented premises. The lease was for a portion of the building above referred to, and contained a provision that Daniel Brothers should have the privilege, at the expiration of their lease, of removing fixtures and show-window inclosures which they had at their own expense placed in the premises during the term. It was averred that the building was incomplete at the time the glass was furnished, and that the plaintiff was not aware of any agreement that the glass should be considered and treated as personalty, but understood that it was

to form a part of the building. The work was done and the glass and window inclosures put in place with the actual knowledge of the Peters Land Company and by its consent, in accordance with and evidenced by the stipulation in the lease above referred to. The Gale Manufacturing Company was adjudged a bankrupt, and DeSaussure was appointed trustee. The plaintiff filed a claim of lien against the Peters Land Company, claiming a lien upon the land, and also against Daniel Brothers, claiming a lien upon their leasehold interest. The prayer of the petition was for a judgment against the Gale Manufacturing Company, and for a foreclosure of its lien against the Peters Land Company and Daniel Brothers. Attached to the petition were copies of the account against the Gale Manufacturing Company and the claims of lien above referred to. To this petition the Peters Land Company and Daniel Brothers filed demurrers both general and special. The court dismissed the petition as to the Peters Land Company, and overruled the demurrer of Daniel Brothers. The plaintiff excepted, but Daniel Brothers acquiesced in the ruling against them.

*Slaton & Phillips*, for plaintiff. *John L. Hopkins & Sons, C. D. Maddox*, and *W. D. Ellis Jr.*, for defendants.

COBB, J. The plaintiff had no contractual relation with the Peters Land Company. Neither had it any contractual relation with Daniel Brothers, the tenants of the Peters Land Company. Its contractual relation was solely with the Gale Manufacturing Company, which sustained an independent contractual relation with Daniel Brothers. The question, therefore, is whether, under the law of this State, under such a condition of affairs, the plaintiff can assert a lien against the Peters Land Company, an entire stranger to it in every way. The provision of law under which this right to a lien is claimed is found in the Civil Code, § 2801, par. 2, as amended by the act of 1899. As amended that paragraph reads: "When work done or material furnished for the improvement of real estate is done or may be furnished upon the employment of a contractor, or some other person than the owner, then, and in that case the lien given by this section shall attach upon the real estate improved, as against such true owner, for the amount of the work done, or material furnished, unless such true owner shows that such lien has been waived in writing, or

produces the sworn statement of the contractor, or other person, at whose instance the work was done or material was furnished, that the agreed price or reasonable value thereof has been paid; provided, that in no event shall the aggregate amount of liens set up hereby exceed the contract price of the improvements made." Acts 1899, p. 33, Van Epps' Code Supp. § 6176. Under this law a materialman who furnishes material to one who has a contract for the improvement of real estate with the true owner of the same unquestionably has a lien, the law declaring that this lien shall arise in favor of such a person when the material is furnished upon the employment of a contractor. There is no question that the lien arises when the material is furnished upon the employment of a contractor, and it is also declared that it shall arise when furnished upon the employment of "some other person than the owner." The right of the plaintiff to a lien against the Peters Land Company depends, therefore, upon whether it is embraced within that class which is described by the words just quoted. There was at one time a law in this State that mechanics had a lien upon property improved by them, "without regard to the title." Code of 1863, § 1971; Code of 1868, § 1959. But this law was repealed by the lien law of 1873. *National Bank* v. *Danforth*, 80 *Ga.* 68 (5). The words, "some other person than the owner," following the word "contractor," seem to have first made their appearance in the law of this State in the lien act of 1873. If these words can properly be construed to mean any person furnishing, under any circumstances, material for the improvement of real estate, then the plaintiff might have a lien, provided the material furnished under the circumstances shown in the petition could properly be considered as an improvement of real estate. But if the plaintiff is entitled to a lien, then any person who should happen to furnish material for the improvement of real estate would be so entitled, without reference to whether he had any relation, contractual or otherwise, with the true owner, or with any one having any interest in the property. This certainly could not have been intended by the General Assembly. But of course the words must be given some meaning, and the question therefore is, what do they mean? They follow the word "contractor," being connected with that word by the disjunctive "or," and under the well-settled rule of construction the persons

embraed within the meaning of the words will be persons occupying a similar relation to the owner as that of a contractor.

Thus interpreting the statute, it would mean that a materialman who furnished material for the improvement of real estate to one who occupied the legal relation of a contractor, or one who had some contractual relation with the true owner in connection with the improvements to be made, would have a lien, and that no one else would.    The word *contractor* is not to be construed in its technical sense, which would embrace any person who had any contract of any character, but is to be given its limited, colloquial sense, meaning a person engaged in the business of making contracts for the improvement of real estate, and the other persons referred to in the statute embrace that class who may furnish material for the improvement of real estate but may not be engaged in a business commonly known as the business of a contractor.    Before a lien can arise against the owner of the property, there must be some link of a contractual nature which will connect the furnisher of the material, directly or indirectly, with the owner, and it could never have been contemplated that an entire stranger to the owner and an entire stranger to every one with whom the owner had dealt in reference to the property should, by the mere furnishing of material to be used in improving the owner's property, be entitled to a lien. . Giving to the words above quoted the meaning we have given to them will not render them entirely useless and meaningless in the statute, and at the same time such a construction will prevent the statute from operating harshly upon all owners of real estate; the question whether real estate shall be improved being left, under any other construction, to the discretion of entire strangers to the true owner, and not to those with whom the owner has dealt in relation to the matter of the improvement.    Whether the glass furnished to the tenants of the store, subject to be removed, and capable of being removed without injury to the freehold, at the expiration of the tenancy, would be under any circumstances an improvement of real estate as against the true owner, we will not now undertake to decide. The plaintiff did not stand in any relation, directly or indirectly, to the owner, which would authorize a claim of lien against it under the existing laws of this State.    There was no error in sustaining the general demurrer of the Peters Land Company.

There being no exception by Daniel Brothers to the judgment overruling their demurrer, we are not called upon to determine whether a lessee for a term less than five years is an owner of real estate within the meaning of the lien laws.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*