## CARR & COMPANY *v.* WITT.

BECK, J. The plaintiffs filed their petition against the Metropolitan Amusement Company and Carl Witt, alleging, that they entered into a contract with the Amusement Company for the improvement of a certain building located on a lot belonging to Carl Witt; that petitioners, who were general contractors, had, "in addition to the original contract, furnished material and labor for the improvement of the building," amounting to a stated sum; that the Amusement Company paid a part of their obligation growing out of the contract, but a balance is still due petitioners; that "while said contract for the improvement of said premises was entered into between petitioners and Metropolitan Amusement Company, said contract was ratified and assented to by said Carl Witt, who was, at the time of the execution of said contract and now is, the owner of the above-described property." Plaintiffs in due time filed and had recorded their claim of lien for the improvement of the property, embracing in their claim the lot of land

and the original building thereon alleged to be the property of Carl Witt. Witt filed general and special demurrers to the petition. The court sustained the general demurrer, and passed the following order: "The general grounds of the demurrer are sustained and the petition is dismissed on the ground that the facts stated in the petition do not make a case against Carl Witt or establish a lien against his property, or his property as described in the petition. Special demurrers are not passed upon." *Held:*

1. That the general order passed by the court had the effect of dismissing the case as to Carl Witt and his property, and did not affect the right of petitioners to prosecute the suit to judgment against the other defendant, if, under the facts stated in the petition, they could proceed with the suit against that defendant.

2. The general demurrer of Carl Witt to the petition was properly sustained.

(*a*) A contractor furnishing material and making improvements under a contract with a tenant upon the land occupied by the tenant does not thereby acquire a lien as against the owner of the land, although the owner, with knowledge of the contract between the tenant and the contractor, consented for the improvements to be made.

(*b*) The allegation that Carl Witt "ratified and assented to the contract" means nothing more than that Carl Witt gave his consent that the improvements should be made under the contract between the tenant and the contractor, and does not mean that he adopted the contract as one made for him by the tenant acting as his agent, so as to bring him into contractual relations with the contractor making the improvements and furnishing the material. *Pittsburgh Plate Glass Co.* v. *Peters Land Co.*, 123 *Ga.* 723 (51 S. E. 725); *Central of Georgia Railway Co.* v. *Shiver*, 125 *Ga.* 218 (53 S. E. 610).

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 11, 1912.

Lien foreclosure. Before Judge Pendleton. Fulton superior court. December 5, 1910.

Cited (beside the two cases supra): *Harman* v. *Allen*, 11 *Ga.* 46; *Walker* v. *Burt*, 57 *Ga.* 21; *Pike Lumber Co.* v. *Mitchell*, 132 *Ga.* 675; *Rome Brick Co.* v. *West*, 134 *Ga.* 65; *Philip Carey Co.* v. *Viaduct Place*, 1 *Ga. App.* 707; *General Supply Co.* v. *Hunn*, 126 *Ga.* 615; Belknap *v.* Condon, 23 L. R. A. (N. S.) 601.

*Green, Tilson & McKinney*, for plaintiff.

*Colquitt & Conyers*, for defendant.