### 13687. KOPPE & STEINICHEN *v.* RYLANDER *et al.*

The evidence shows such a contractual relation between the owners of the real estate improved and the person to whom the plaintiffs furnished material for its improvement, and such recognition of him by the

owners as their agent, as entitled the plaintiffs to foreclose a material-man's lien against the property.

The verdict in favor of the defendants being contrary to law and the evidence, the court erred in overruling the motion for a new trial.

DECIDED JULY 25, 1922.  REHEARING DENIED SEPTEMBER 21, 1922.

Lien foreclosure; from city court of Americus — Judge Harper. May 6, 1922.

Application for certiorari was denied by the Supreme Court.

*Etheridge, Sams & Etheridge, Wallis & Fort,* for plaintiffs.

*R. L. Maynard,* for defendants.

BROYLES, C. J.  This was a suit to foreclose a materialman's lien, brought by Koppe & Steinichen, a partnership, against Walter Rylander et al., as owners of the property against which the lien was sought to be asserted.  The petitioners alleged that C. K. Howell was employed by the defendants as a contractor for the improvement of the property in question, and that as such contractor they furnished him certain material which was used in the improvement of defendants' property.  The defendants denied they had any contract with Howell as contractor for the improvement of the property.  The jury decided this issue against the lien and in favor of the defendants.  The plaintiffs made a motion for a new trial, which was overruled, and they excepted.

As we view the case it is only necessary to consider the general grounds of the motion for a new trial.  The undisputed evidence showed that the plaintiffs complied with their contract for furnishing material to be used in the improvement of the property in question; that their claim of lien was recorded within three months after the material was furnished; that they had previously sued and obtained judgment against Howell, the person to whom they furnished the material as contractor; and that suit to recover the amount of their claim was instituted against the defendants within twelve months from the time it became due.  Thus, the uncontradicted evidence showed that the plaintiffs' lien was created and declared in accordance with the statute (Park's Code, § 3353, paragraph 2).

We come now to the crux of the case, to wit, whether or not Howell, the person to whom the plaintiffs furnished the material, was employed by the defendants as a contractor for the improvement of the property in question.  Paragraph 2 of section 3352, supra, declares: " When work done or material furnished for the

improvement of real estate is done or may be furnished upon the employment of a contractor, *or some other person than the owner,* then, and in that case, the lien given by this section shall attach upon the real estate improved as against such true owner for the amount of the work done, or material furnished, unless such true owner shows that such lien has been waived in writing, or produces the sworn statement of the contractor, or other person, at whose instance the work was done or material was furnished, that the agreed price or reasonable value thereof has been paid: Provided, that in no event shall the aggregate amount of liens set up hereby exceed the contract price of the improvements made." (Italics ours.) The evidence demanded a finding that the lien was not waived by the plaintiffs, and that no affidavit was taken from the contractor or other person at whose instance the material was furnished that the agreed price or a reasonable value thereof had been paid. On this point the defendant Walter Rylander testified. " I never did get these plaintiffs here to waive their claim in writing. They never did waive their claim in writing, and I never did get an affidavit from Howell that these bills had been paid to Koppe & Steinichen." The evidence demanded a finding also that Howell, the person at whose instance the plaintiffs furnished the material for the improvement of the property in question, was either a contractor *or some other person than the owner* employed by the defendants in connection with the improvement of the property. As to this, one of the plaintiffs testified: " I know Mr. C. K. Howell and knew him in this particular instance as a contractor. . . I remember once he (Walter Rylander) asked me if Mr. Howell had given me sketches for this last work." And one of the defendants testified as to their " contract with Mr. Howell;" and that " Mr. Howell furnished the plans and made certain inspections of the work as it progressed." In the case of *Pittsburgh Plate Glass Co.* v. *Peters Co.*, 123 *Ga.* 723, 725 (51 S. E. 725), the Supreme Court said: " Under this law [section 3352 supra] a materialman who furnishes material to one who has a contract for the improvement of real estate with the true owner of the same unquestionably has a lien, the law declaring that this lien shall arise in favor of such a person when the material is furnished upon the employment of a contractor. There is no question that the lien arises when the material is

furnished upon the employment of a contractor, and it is also declared that it shall arise when furnished upon the employment of ' some other person than the owner.' . . The persons embraced within the meaning of the words (some other person than the owner) will be persons occupying a similar relation to the owner as that of a contractor. Thus interpreting the statute, it would mean that a materialman who furnished material for the improvement of real estate to one who occupied the legal relation of a contractor, or one who had some contractual relation with the true owner in connection with the improvements to be made, would have a lien, and that no one else would. The word *contractor* is not to be construed in its technical sense, which would embrace any person who had any contract of any character, but is to be given its limited, colloquial sense, meaning a person engaged in the business of making contracts for the improvement of real estate, and the other persons referred to in the statute embrace that class who may furnish material for the improvement of real estate but may not be engaged in a business commonly known as the business of a contractor. Before a lien can arise against the owner of the property, there must be some link of a contractual nature which will connect the furnisher of the material, directly or indirectly, with the owner, and it could never have been contemplated that an entire stranger to the owner and an entire stranger to every one with whom the owner had dealt in reference to the property should, by the mere furnishing of material to be used in improving the owner's property, be entitled to a lien."

The evidence quoted above shows conclusively that Howell certainly had " some " contractual relation with the true owner in connection with the improvement of the property in question; and under the decision in the *Pittsburgh Plate Glass Co.* case, supra, this fact brings him within the meaning of the words used in the statute, " some other person than the owner."

The evidence also shows conclusively that the defendants recognized Howell as their agent in the purchase of the material from the plaintiffs. In this connection Walter Rylander testified: " I first heard of them (the plaintiffs) when I got the first shipment made. It is my recollection that it was in September or probably October, 1920. And the trade (the one defendants made with

Howell) was in July or August 1920. . . I don't think they got the order as soon as Mr. Howell said he had given it to them; consequently, I had to wire them, and write them, and phone them, and on one occasion go up there to rush the work through." One of the plaintiffs testified in reference to this visit as follows: " He told me that he was from Americus. He told me that if I had this work ready for Mr. Howell that goes to Americus, that he wanted us to rush it up," etc.   There was also introduced in evidence a letter from Walter Rylander to the plaintiffs, dated December 16, 1920, in which he said: " Please wire me collect immediately upon receipt of this letter, when you will make additional express shipments *of my order* for theatre as placed with you by Mr. Howell" (italics ours) ; also letter dated December 9, 1920, from Walter Rylander to plaintiffs, in which the following appears: " I have your card dated December 8, advising that you shipped on that date three cars . . *on order placed for me by Mr. Howell*" (italics ours) ; and also a telegraph from Rylander to plaintiffs, which was as follows: " When you make me next shipment *my order placed by Howell,* wire answer stating what items will be shipped and when." (Italics ours.)

It follows from what has been said that the verdict finding against the lien and in favor of the defendants was contrary to law and the evidence, and, therefore, the lower court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*