18538. STANDARD LUMBER COMPANY *v.* CLIFTON.

BELL, J. In this proceeding to foreclose an alleged laborer's lien upon certain lumber as product of the plaintiff's labor while working at a sawmill, where the defendant contested the plaintiff's claim upon the ground that he had been employed not by the defendant, but by another as independent contractor engaged by the defendant to manufacture lumber from the defendant's timber at so much per thousand feet, and that the defendant had in nowise become responsible to the plaintiff for his wages, and where the contentions thus made by the defendant were supported by evidence, the court committed error in

charging the jury as follows: "Ordinarily a party would not have a laborer's lien except as against the party who employed him, but I charge you in this case, this being a case of lien upon products of labor, to wit lumber, if you find that the plaintiff in this case was a laborer at the sawmill, and as a result of his labor this lumber was produced, he would be entitled to foreclose his lien. If he was not a laborer at this mill and did not produce the lumber, he would not have a lien. That is the only question for you to determine in this case." Compare *Poss. Brothers Lumber Co.* v. *Haynie*, 37 *Ga. App.* 60 (139 S. E. 127).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided June 15, 1928.

*Hinton Booth,* for plaintiff in error. *Anderson & Jones,* contra.