BATTS *et al. v.* BEDINGFIELD.

No. 16243. JULY 13, 1948. REHEARING DENIED JULY 28, 1948.

*William T. Revell,* for plaintiffs.

*Q. L. Bryant* and *W. Wright Abbot,* for defendant.

WYATT, Justice. 1. The evidence as to the issue in the case was in sharp conflict. The jury having resolved the issue of fact in favor of the defendant, it follows as a matter of course that there is no merit in the general grounds of the motion for new trial.

2. The amendment to the motion for new trial contains 7 grounds and consists of 20 pages, attacking the charge of the court. We believe that it would serve no useful purpose to repeat here the language of this lengthy instrument. We will simply pass upon the legal questions raised.

Complaint is made that the court in the charge to the jury limited the right of the plaintiff to recover to the question of fraud, and did not submit the question of mutual mistake, or mistake on the part of one party and fraud on the part of the other. The sole contention of the defendant was that he bought the property and rented it to the plaintiffs; the sole contention of the plaintiffs was that they borrowed money from the defendant, and that he by representing the deed signed to be a security deed obtained their signature to a warranty deed, and that they did not rent the property. Fraud was the only question dealt with by the evidence, and it would have been error to have charged on a principle of law not supported by either the pleadings or the evidence.

It is further contended that the court committed error in failing to explain and define fraud. No request to charge was submitted in the case on any question. "A complaint that the judge

erred in not explaining to the jury the meaning of the words 'fraud' and 'undue influence,' as used by him in his charge, is without merit, there being no request that such explanation be made." *Pye* v. *Pye,* 133 *Ga.* 246 (3) (65 S. E. 424). See also *Pickens* v. *State,* 132 *Ga.* 46 (63 S. E. 783).

3. It is contended that the judge committed error in submitting to the jury the contention of the defendant as disclosed by the evidence, because he simply filed a general denial to the allegations of the petition. In the first place, the answer was more than a general denial. The defendant, after denying the allegations of the petition, in his answer said: "Defendant is the owner of the property referred to in the petition by lawful purchase from the petitioners." There was no demurrer to this allegation. Certainly the judge committed no error in submitting to the jury the contention of the defendant concerning this transaction as disclosed by the evidence.

4. It is contended that the court erred in not charging Code § 37-710 with respect to great inadequacy of consideration and great disparity of mental ability between the contracting parties. The evidence did not authorize a charge on this question. Moreover, the sole question here was whether the transaction was an outright sale or a loan of money, and not a question of one party overreaching the other party.

5. Complaint is made that the following language in the charge, "the deed was not given with their knowledge but relying upon some misrepresentation made to them they executed the deed," was confusing and placed on the plaintiffs the burden of showing that the deed was a forgery. This language conveyed to the jury the exact contention of the plaintiffs. We simply do not see how the question of forgery could arise in the minds of the jury or anyone else from this language.

6. The following excerpt from the charge is alleged to be error: "I charge you in this case, gentlemen, that where by any fraud one person obtains the title to property which rightfully belongs to another, the law will imply a trust estate, that is, that the one holding the legal title holds it in trust for the true owner, and whenever the circumstances are such that the person taking the legal title, either from fraud or otherwise, can not enjoy the beneficial interest without violating some established

principle of equity the court will declare who is the rightful owner." No authority is cited supporting the contention that this charge is error; and we fail to see how this language could have been prejudicial to the plaintiffs in error.

7. Finally, it is contended that the contentions of the defendant were more fully stated to the jury than the contentions of the plaintiffs. We can not agree with this argument. The charge as a whole fully submitted to the jury the contentions of both parties as disclosed by the pleadings and the evidence, and the judge then said: "Now, gentlemen, those are substantially the issues raised by the plaintiffs' petition and defendant's answer in this case. You will have out with you the petition, as amended, and the answer, and I respectfully refer you to the petition as amended and the answer of the defendant for the full contentions of the parties." In *Phillips* v. *Phillips*, 163 *Ga.* 899 (6) (137 S. E. 561), this court said: "Where the court charged the jury that they would have the pleadings and could refer to them for more specific and detailed statement of the respective contentions of the parties, if the defendant desired a more specific statement by the court of his contentions it devolved upon him to make an appropriate request." See also *Ricketson* v. *Ricketson*, 151 *Ga.* 540 (107 S. E. 522).

From what has been said above, it follows that no error was committed.

*Judgment affirmed. Jenkins, Chief Justice, Duckworth, Presiding Justice, Atkinson, Head, and Candler, Justices, and Judge Lilly concur.*