### 36801. MURPHY *v.* FULLER.

CARLISLE, J. 1. The petition, as finally amended, alleged that the plaintiff entered into an oral agreement with the defendant to perform certain enumerated alterations to her house; that the defendant agreed to pay the plaintiff $2 per hour for labor used in performing the job and to pay for all materials. The plaintiff's evidence sufficiently proved these allegations and was sufficient to authorize the jury to conclude that he was a contractor within the meaning of that term as used in Code § 67-2001. As used in that Code section, "The word *contractor* is not to be construed in its technical sense, which would embrace any person who had any contract of any character, but is to be given its limited, colloquial sense, meaning a person engaged in the business of making contracts for the improvement of real estate." *Pittsburgh Plate Glass Co.* v. *Peters Land Co.,* 123 *Ga.* 723, 726 (51 S. E. 725); *Koppe & Steinichen* v. *Rylander,* 29 *Ga. App.* 41, 44 (114 S. E. 81). The evidence clearly showed that the plaintiff was engaged in the business of making contracts for the improvement of realty.

2. Where the petition alleged and the evidence showed that the plaintiff was engaged in the business of making contracts for the improvement of realty, and that while so engaged he had contracted with the defendant to perform and had performed certain alterations on a house owned by her, employing laborers and purchasing material on his own account therefor, proof of such facts was sufficient to show that the plaintiff was entitled to a lien on the real property thus improved, embracing the balance due him as a contractor for said work.

3. No particular form is required to establish a lien under the provisions of Code § 67-2001 et seq., a substantial compliance with the statutory provisions being sufficient. Consequently, an affidavit made to obtain a lien which sets forth the name

of the claimant, the location of the property on which the lien is claimed, the name of the owner, the manner in which the lien arose and the amount of the indebtedness claimed, and which was recorded within the time allowed by law, was not inadmissible in evidence in a suit brought to enforce the lien, on the ground that it was too vague and indefinite to establish a lien for labor and material. The first special ground of the motion for new trial complaining of the admission in evidence of the affidavit was not meritorious.

4. The plaintiff introduced in evidence a bill for material purchased on his own account in the performance of his contract with the defendant. The defendant objected to this evidence on the grounds that (1) the right of lien was not in the plaintiff, but would have to be claimed by the materialmen, and (2) it was irrelevant, immaterial and inadmissible. Under the ruling of the second headnote above, the first objection was not valid and following rulings of this court and of the Supreme Court, too well established to require the citation of authority, we hold that the second objection presents no question for decision by this court.

5. Special ground 3 of the motion for new trial complains that a portion of the charge to the jury stating the contentions of the plaintiff was argumentative, misleading and confusing in that it stated the contentions based on an inference drawn from the evidence, was not a statement of the contentions as shown by the pleadings and was not adjusted to the evidence. Without burdening the record by setting forth the charge it is sufficient to say that it is not error for the court to state the contentions of the parties based on the evidence (*Stansfield* v. *Gardner*, 56 *Ga. App.* 634, 647, 193 S. E. 375; *Batts* v. *Bedingfield*, 204 *Ga.* 160, 163, 48 S. E. 2d 848), and where it appears from a reading of the charge as a whole that the court fairly and fully stated the contentions of both the plaintiff and defendant and instructed the jury that they should look to the evidence and decide the issues on the evidence, and where it further appears that the portion of the charge excepted to was in fact adjusted to the evidence and was therefore not misleading or confusing, the mere contention that the portion is argumentative without showing how or in what respect will not require the grant of a new trial.

6. The verdict was authorized by the evidence.

*Judgment affirmed.   Gardner, P. J., and Townsend, J., concur.*
DECIDED SEPTEMBER 24, 1957.

*Jess H. Watson, Robert R. Tisdale,* for plaintiff in error.