## A08A1633. SLAPPEY v. SLAPPEY et al.
### (676 SE2d 283)

DOYLE, Judge.

This is an appeal from a judgment in favor of the defendant in an action to foreclose a laborer's special lien.

Edward Slappey filed a Notice of Lien Foreclosure on Personal Property, pursuant to OCGA § 44-14-550, along with the necessary affidavit, in order to assert a lien against the proceeds of a cotton crop owned by his son, Blake Slappey. In his lien affidavit and amended affidavit, Edward averred that he was entitled to a laborer's special lien, pursuant to OCGA § 44-14-381, for a debt totaling $82,500 on the proceeds of Blake's cotton crop because he had planted 500 acres of the crop and picked 1,000 acres of the crop.

AgGeorgia Farm Credit, ACA ("AgGeorgia"), a recorded lien-holder on the proceeds of Blake's cotton crop, filed a petition for a probable cause hearing, pursuant to OCGA § 44-14-550 (3), challenging the validity of the debt upon which Edward was seeking to foreclose. After the hearing, the trial court entered an order denying foreclosure, finding that Edward had not validly asserted the lien under OCGA § 44-14-381, and this appeal followed. For the following reasons, we reverse.

"The trial court's ruling was based upon its application of law to essentially undisputed facts. Thus, we apply a de novo standard of review."[1] "Lien laws are to be strictly construed, and one who claims a lien must bring himself clearly within the law."[2] Pursuant to OCGA § 44-14-381, "[l]aborers shall . . . have a special lien on the products of their labor, which lien shall be superior to all other liens except liens for taxes and special liens of landlords on yearly crops." A laborer's special lien is foreclosed pursuant to OCGA § 44-14-550, which states in pertinent part:

. . .

(2) A person asserting the lien, . . . may move to foreclose the lien by making an affidavit to a court of competent

---

[1] *Purser Truck Sales v. Horton*, 276 Ga. App. 17, 18 (622 SE2d 405) (2005).

[2] (Punctuation omitted.) *Wilkinson v. Townsend*, 96 Ga. App. 179, 181 (99 SE2d 539) (1957).

jurisdiction showing all the facts necessary to constitute a lien and the amount claimed to be due . . . ;

(3) Upon the affidavit being filed, the clerk or a judge of the court shall serve notice upon the owner, the recorded lienholders, and the lessee of the property of a right to a hearing to determine if reasonable cause exists to believe that a valid debt exists . . . and, if no petition for the hearing is [timely] filed . . . the lien will conclusively be deemed a valid one . . . ;

(4) . . . If at the probable cause hearing the court determines that reasonable cause exists to believe that a valid debt exists, the person asserting the lien shall be given possession of the property or the court shall obtain possession of the property as ordered by the court . . . ;

(5) Within five days of the probable cause hearing, the defendant must petition the court for a full hearing on the validity of the debt if a further determination of the validity of the debt is desired. If no such petition is filed, the lien on the amount determined reasonably due shall conclusively be deemed a valid one and foreclosure thereof allowed. If such a petition is filed, the court shall set a full hearing thereon within 30 days of the filing of the petition . . . ;

(6) If after a full hearing the court finds that a valid debt exists, the court shall authorize the foreclosure upon and the sale of the property subject to the lien to satisfy the debt if the debt is not otherwise immediately paid. . . .[3]

1. Edward contends that the trial court erred by finding that he failed to meet his burden at the probable cause hearing to "show that reasonable cause exist[ed] to believe that a valid debt exist[ed]" because the evidence presented established that Blake had contracted with him to plant 500 acres of cotton and to pick 1,000 acres of cotton and that he completed the work himself.[4]

(a) The trial court first determined that only employees, and not independent contractors, may assert a valid laborer's lien, and Edward was therefore precluded from asserting the lien because he was not an employee of Blake. This legal conclusion was error.

Based on the language of the trial court's order and the cases cited for support, it appears that the court misconstrued the word

---

[3] OCGA § 44-14-550.
[4] OCGA § 44-14-550 (3).

"contractor" in many of the cases to mean "independent contractor" in the legal parlance, rather than the colloquial understanding of "general contractor" or person engaged in making contracts for improvement to land.[5] The cases relied on by the trial court do not stand for the proposition that only "employees" rather than "independent contractors" may assert laborer's liens. Instead, one line of cases concludes that the court must inquire into the nature of the work in which the plaintiff is engaged in order to determine whether the plaintiff is considered a "laborer" for purposes of the lien statute.[6] Another line of cases stands for the proposition that a laborer can assert a lien only against the person who engaged him to complete the task and not against the property owner if there is no direct privity between the laborer and the property owner.[7] Thus, the trial court erred by determining that Edward's status as an independent contractor precluded him from asserting a laborer's lien.

(b) We also find erroneous the trial court's determination that lack of an apportionment of debt between labor and materials in the oral contract, which was based on the prevailing industry rates for the services, prevents assertion of the laborer's lien on the portion of the debt due for the labor. It is correct that the Supreme Court has construed the laborer's lien statute to provide protection only for the price of the labor furnished, and not for the hire of the laborer's materials,[8] and to prevail, Edward will have to prove at the full hearing a specific amount of the portion of the total debt that is due for the labor performed.[9] Edward provided minimal testimony at the probable cause hearing regarding the amount of the debt that could be apportioned to labor, but it was sufficient to find that reasonable cause existed to believe a valid debt exists.[10] Thus, it was error for the trial court to find otherwise at the probable cause stage of the proceedings.

(c) Finally, the trial court determined that Edward was not a

---

[5] See, e.g., *Pittsburgh Plate Glass Co. v. Peters Land Co.*, 123 Ga. 723, 724-726 (51 SE 725) (1905); *Savannah, Griffin & North Alabama R. Co. v. Grant, Alexander & Co.*, 56 Ga. 68 (1876).

[6] See, e.g., *Stonewall Jackson Loan & Bldg. Assn. v. McGruder*, 43 Ga. 9 (1871); *Lee v. Hill*, 28 Ga. App. 312 (1) (111 SE 211) (1922).

[7] See, e.g., *Standard Lumber Co. v. Clifton*, 38 Ga. App. 291 (143 SE 784) (1928). For more in-depth discussions, see *Quillian v. Central R. & Banking Co.*, 52 Ga. 374, 375 (1874); *Poss Bros. Lumber Co. v. Haynie*, 37 Ga. App. 60 (139 SE 127) (1927).

[8] See, e.g., *Kelley v. Moody*, 176 Ga. 138, 140 (167 SE 101) (1932); *Cox v. Cagle*, 112 Ga. 157, 158 (37 SE 176) (1900).

[9] See, e.g., *Jackson's Mill & Lumber Co. v. Holliday*, 108 Ga. App. 663, 665 (5) (134 SE2d 563) (1963).

[10] Cf. *Gilbert v. Montlick & Assoc., P.C.*, 248 Ga. App. 535, 538 (6) (546 SE2d 895) (2001) ("[t]he inclusion of nonlienable items, easily separable from lienable items, does not defeat the entire lien") (punctuation omitted).

laborer because "[t]he work performed by [Edward] under his contracts with Blake essentially constituted the provision of services requiring business capacity, skill, and discretion as opposed [to] ordinary physical or manual labor." We disagree.

> Laborers, as used in the statute, mean what were generally and universally known as laborers at the time of the passage of the act. A laborer is one who works at a toilsome occupation — a man who does work requiring little skill, as distinguished from an artisan — sometimes called a laboring man.[11]

Edward was hired to plant 500 acres of cotton and pick 1,000 acres of cotton. Historically, those who plant or pick crops have been considered laborers for purposes of this statute.[12] Edward was not hired to do "headwork" or to oversee others while they completed the contract.[13] Based on the facts presented at the hearing and previous case law, Edward met his burden of showing reasonable cause that a valid debt exists with regard to this issue.[14]

2. Edward also maintains that the trial court incorrectly construed the meaning of the phrase "valid debt" in OCGA § 44-14-550 (3) to mean "valid lien" — he argues that the statute refers to liens in all instances when referring to the lien itself, and therefore, the trial court was authorized *only* to determine whether there was reasonable cause to find that Blake owed the debt to Edward, not whether Edward validly asserted the laborer's special lien for the debt. Edward contends that the trial court should have waited to address the question of whether the laborer's special lien was validly asserted at a full hearing, as provided for in OCGA § 44-14-550 (5). We disagree.

Based on the plain language of the statute, it was necessary for the trial court to go beyond the bald assertion of Edward's affidavit and determine if a laborer's special lien could be asserted for this particular debt. The statute contemplates that at the initial probable cause hearing, the trial court will inquire as to whether the plaintiff

---

[11] (Citation and punctuation omitted.) *Oliver v. Macon Hardware Co.*, 98 Ga. 249, 251 (25 SE 403) (1896) ("[c]lerks, agents, cashiers of banks, and all that class of employees, whose employment is associated with mental labor and skill, were not considered laborers, and were not intended by the statute to be embraced therein as laborers, so as to have a lien for their wages"). See also *Hinton v. Goode & Crumbley*, 73 Ga. 233, 234 (1884).

[12] See *Kelley*, 176 Ga. at 138-140; *Jennings v. Lanham*, 19 Ga. App. 79 (90 SE 1038) (1916).

[13] See *Cole & Covington v. McNeill*, 99 Ga. 250 (25 SE 402) (1896); *Savannah & Charleston R. Co. v. Callahan*, 49 Ga. 506, 510-512 (1873).

[14] See OCGA § 44-14-550 (3).

YALE LAW LIBRARY

has put forth facts necessary to constitute a laborer's lien and amount due, recognizing the burden at the initial hearing is that of "reasonable cause," not a preponderance of the evidence. An alternative conclusion would render meaningless the modifier in the phrase "valid debt" found in OCGA § 44-14-550 (3) and (4).[15]

Furthermore, our conclusion is supported by explanatory dicta in *Chambless Ford Tractor, Inc. v. McGlaun Farms, Inc.*,[16] in which we reviewed an attempted foreclosure under OCGA § 44-14-550 of a mechanic's lien. In that case, the plaintiff argued, as Edward does here, that the trial court inappropriately considered evidence at the probable cause hearing with regard to the accrual of the debt at issue.[17] In dicta in that case, we agreed with the defendant that "introduction of evidence regarding the circumstances under which the charges were incurred is essential to determining whether reasonable cause exists to believe that a valid debt exists."[18]

Accordingly, the trial court did not err in reviewing the facts of the case in order to determine whether there was probable cause to believe Edward could validly assert a lien for the debt under OCGA § 44-14-381. Based on our conclusion in Division 1, the trial court is reversed and the case is remanded. Upon remand, AgGeorgia may move to reinstate its motion for a full hearing under OCGA § 44-14-550 (5).[19]

*Judgment reversed and case remanded. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 20, 2009.

*Gardner, Willis, Sweat & Handelman, Deena Plaire-Haas*, for appellant.

*Norman J. Crowe, Jr.*, for appellees.

---

[15] See *Effingham County Bd. of Tax Assessors v. Samwilka, Inc.*, 278 Ga. App. 521, 522 (629 SE2d 501) (2006) ("[w]e must seek to effectuate the intent of the legislature, OCGA § 1-3-1 (a), and to give each part of the statute meaning and avoid constructions that make some language mere surplusage. All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language") (punctuation omitted).

[16] 169 Ga. App. 672 (314 SE2d 689) (1984) (physical precedent only).

[17] Id. at 673.

[18] (Punctuation omitted.) Id. at 675 (2) (because Judge Carley did not concur as to this division, it is physical precedent only).

[19] Because the trial court did not reach the issue of lien priority, we do not reach Edward's last enumeration of error regarding whether the trial court erred by failing to interpret OCGA § 44-14-381 in conjunction with the Uniform Commercial Code.