11637. GLYNN CANNING COMPANY *v.* ADAMS COMPANY.

STEPHENS, J. 1. The defendant in a suit for a breach of contract cannot claim the benefit of the statute of frauds unless the statute is pleaded. *Johnson* v. *Latimer*, 71 *Ga.* 470(3). Where he has failed to plead the statute he cannot be heard to except to the direction of a verdict against him upon the ground that the contract is within the statute.

2. While " direct testimony as to market value is in the nature of opinion evidence," testimony as to the state of the market and as to the actual selling price of a certain commodity at a particular time and place is testimony as to a positive fact and is not in its nature opinion evidence, and, where undisputed, a verdict may properly be directed as to the value thus proved. Where the issue to be determined is as to the state of the market as respects a certain commodity at a certain time and place, evidence as to the state of the market of the commodity at the same time and place several hundred miles· distant is irrelevant, and, although admitted, creates no issue for a jury upon the question under consideration.

3. Where it does not appear that the value of the article in question was in any way affected by the United States food regulations, such regulations cannot be considered in determining the value of such article.

4. It is not necessary to pass upon the other assignments of error, as they are not insisted upon.

5. This being a suit for a breach of a contract for the sale of personal property to be delivered in the future, and the undisputed evidence establishing the contract and its breach by the defendant, to the plaintiff's damage in a certain amount, a verdict for the plaintiff was properly directed.

6. The amount, however, for which a verdict for the plaintiff was demanded was only $472.50; and, since the verdict directed was for $500.50, the

judgment is affirmed with direction that the plaintiff write off the excess.

*Judgment affirmed, with direction. Jenkins, P. J., and Hill, J., concur.*

Action on contract; from Glynn superior court — Judge Summerall presiding. May 19, 1920.

*Conyers & Wilcox,* for plaintiff in error.

*Krauss & Strong, Anderson & Slate,* contra.