13257.  SOUTHERN NURSERY CO. *v.* MONTFORT.

BELL, J.  1.  In a suit against the seller, the plaintiff in error, by the
purchaser, the defendant in error, for a breach of the contract, in
failing to deliver the goods which were sold, a letter to the seller by
a third person, offering to countermand an order for goods given by
the purchaser, is not admissible as evidence for the purpose of estab-
lishing a countermand, in the absence of proof of the authority of the
writer from the purchaser.
2. A grant of authority by a purchaser of goods, to a third person, to
effectuate an assignment of the right and interest of such purchaser in

the contract of purchase and sale arising by virtue of an accepted order for goods, confers no authority upon such third person to countermand the purchase; and a letter by the purchaser to the seller or his agent, containing an admission by the purchaser that he had made a grant of authority such as is hereinbefore first referred to, would be no evidence of authority in the third person to make the countermand.

3. A writing by one person is not admissible for the purpose of impeaching another, in the absence of any proof that the writing was in any manner authorized or assented to by the latter.

4. " While ' direct testimony as to market value is in the nature of opinion evidence,' testimony as to the state of the market and as to the actual selling price of a certain commodity at a particular time and place is testimony as to a positive fact and is not in its nature opinion evidence, and, where undisputed, a verdict may properly be directed as to the value thus proved." *Glynn Canning Co.* v. *Adams Co.*, 26 *Ga. App.* 365 (2) (106 S. E. 207).

5. The letters which were offered in evidence by the defendant not being admissible for any purpose, and the evidence which was adduced by the plaintiff having established the contract, the failure to deliver, and the damage as alleged, and the defendant having wholly failed to prove his only defense,— that the plaintiff had countermanded his order,— and having in no wise rebutted any of the evidence of the plaintiff, a verdict for the latter for the principal amount sued for was properly directed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 20, 1922.

Action on contract; from Taylor superior court — Judge Munro. March 31, 1921.

*C. W. Foy,* for plaintiff in error. *G. C. Robinson,* contra.