## NIXON *vs.* THE STATE OF GEORGIA.

1. The verdict is sustained by the evidence, and is not contrary to law or the charge of the court.
2. Proof that a defendant was the proprietress of a tippling-house, and that it was kept open on Sunday, is sufficient to show that she is guilty of the crime of keeping it open, unless she shows by some testimony that she did not know that it was kept open; and a charge to that effect was not erroneous.
(*a.*) The court instructed the jury that they could believe the defendant's statement in preference to the testimony of witnesses, if they saw fit, and did not charge so as to make the jury exclude the statement from their consideration.
3. Although a part taken out of a paragraph of the charge, when standing alone, may appear subject to criticism, yet if, as in this case, when taken in connection with the balance of the paragraph, it is not exceptionable, it will not cause a reversal.
4. The entire charge is unexceptionable and gave full benefit of the doctrine of reasonable doubts to the defendant and reiterated that knowledge on her part was necessary. The evidence was conflicting, and the verdict was sustained thereby.
Judgment affirmed.

January 26, 1886.

JACKSON, Chief Justice.

[Georgia Nixon was indicted for keeping open a tippling-house on Sunday. The testimony for the state showed that the defendant had a bar, and that it was kept open on Sunday. The defendant introduced no evidence, but made a statement denying the charge, and asserting that if any one went to her bar on Sunday, it was without her knowledge, though she always kept the keys, and that the witness for the state, who testified to the offense, was mad because he had formerly hurt another man in a fight, and she had notified the police of the fact.

The jury found the defendant guilty. She moved for a new trial, on substantially the following grounds:

(1) to (3.) Because the verdict was contrary to law, evidence and the charge of the court.

(4.) Because the court charged as follows: " If it has

been shown to have been open, the presumption is that it was open with her consent, with her knowledge, unless she shows you to the contrary by some testimony."—The objection was (1) that this charge put the burden on the defendant instead of on the state; (2) that it required the defendant to rebut the presumption by testimony, whereas her statement was sufficient for that purpose, if the jury saw fit to believe it; and (3) it was calculated to mislead the jury. (The judge states in his decision on the motion that when the defendant went on the stand, he explained to the jury fully the law in respect to the statement and the force and effect it might have.)

(5.) Because the court charged as follows: " The sole question for you to determine is, has or has not this law been violated?" (The court charged that if a tippling-house was open on Sunday with the knowledge and consent of the proprietress, she would be guilty. If it was open without her knowledge and consent, she would not be guilty. He then added: " This law against keeping an open tippling-house on the Sabbath day is now asserted by the state to have been violated, and the only question for you to determine is, whether or not this law has been violated within two years prior to the finding of the bill of indictment or presentment.")

The motion was overruled, and the defendant excepted.]