## PARKS et al. v. WILKINSON et al.

It appears from the petition that item 3 of a will was as follows: "I hereby give and bequeath unto my well-beloved nephew, Thomas Bird Parks, all the remainder or remainders of my property of every description, both real and personal, to him and his heirs forever, on this express condition and limitation, to wit: the said Thomas Bird Parks shall survive the present war, and after my decease, my house his home and usual dwelling-place, then and in that case he is to have all the property named in this 3rd item, and not otherwise," and that "Item 4 of said will provides that on failure of the said Thomas Bird Parks to comply with item 3, then all property therein mentioned is to go to Joseph C. Parks and Dudley Parks." *Held*, that if the devisee named in the third item survived the war referred to in the will, and after

the death of the testator made the house referred to in the will "his home and usual dwelling-place," title to the property devised in the 3rd item vested in such devisee, and his subsequent removal from the house and abandonment thereof as "his home and usual dwelling-place" would not divest him of such title.

FEBRUARY 17, 1910.

Equitable petition.    Before Judge Freeman.    Coweta superior court.    October 26, 1908.

*Dorsey, Brewster, Howell & Heyman, W. G. Post,* and *W. P. Bloodworth,* for plaintiffs.    *W. C. Wright,* for defendants.

HOLDEN, J.    Bird Parks died seized and possessed of the tract of land described in the petition, leaving a will, which was duly probated.    One item of the will was as follows: "I hereby give and bequeath unto my well-beloved nephew, Thomas Bird Parks, all the remainder or remainders of my property of every description, both real and personal, to him and his heirs forever, on this express condition and limitation, to wit: the said Thomas Bird Parks shall survive the present war, and after my decease, my house his home and usual dwelling-place, then and in that case he is to have all the property named in this 3rd item, and not otherwise."    It was alleged: "Item 4 of said will provides that on failure of the said Thomas Bird Parks to comply with Item 3, then all property therein mentioned is to go to Joseph C. Parks and Dudley Parks. Petitioners show that the said Thomas Bird Parks, under the terms of said will, entered into possession of the premises hereinbefore set out.    That after having so entered into possession of said premises, the said Thomas Bird Parks failed to comply with the terms of Item 3 of said will, in that the said Thomas Bird Parks did not make the house of said Bird Parks, deceased, his home and usual dwelling-place, but abandoned said house as his home and usual dwelling-place, and moved from said county and resided in the county of Fulton for more than seven years during the subsequent term of his life.    Petitioners show, that the said Thomas Bird Parks having failed to carry out the terms of Item 3 of said will, that the property bequeathed to him thereunder passed out of said Thomas Bird Parks, and that your petitioners, under the terms of said will (petitioners being the Joseph C. Parks and Dudley Parks referred to in said will), became the legatees under said will and became entitled to the property hereinbefore de-

scribed.    Petitioners show that the said Thomas Bird Parks, although he had lost all rights to said property by his conduct as hereinabove described, undertook, on September 26th, 1904, to convey said property to Mrs. Lillie T. Wilkinson as life-tenant, with remainder interest in fee simple to such of her children as might be in life at her death." It was further alleged that Mrs. Wilkinson entered into possession of the property, and is now in possession and occupying the same with her children under said pretended claim of right. The only consideration set out in the deed is love and affection. The children claim to have a remainder interest in the property under the deed. This deed and the claim of Mrs. Wilkinson and her children is a cloud upon the title of petitioner. Plaintiffs prayed, that the title to the property be decreed to be in them; that the deed above referred to be declared to be a cloud upon their title and be decreed to be null and void and ordered cancelled; that Mrs. Wilkinson be ordered to surrender possession of the premises to the plaintiffs; that a guardian ad litem be appointed for the minor children; and for general relief. Part of the abstract of title attached to the petition was as follows: "About the year 1890 the said Thomas Bird Parks moved to Fulton county, Georgia, and resided in said county for a number of years. Upon his doing this, the property described in the foregoing complaint reverted to and vested in your petitioners." To the order of the court sustaining a general demurrer to the petition and dismissing the same the plaintiffs excepted.

1. One of the items of the will of the testator was: "I hereby give and bequeath unto my well-beloved nephew, Thomas Bird Parks, all the remainder or remainders of my property of every description, both real and personal, to him and his heirs forever, on this express condition and limitation, to wit: the said Thomas Bird Parks shall survive the present war, and after my decease, my house his home and usual dwelling-place, then and in that case he is to have all the property named in this 3rd item, and not otherwise." The petition alleges: "Item 4 of said will provides that on failure of the said Thomas Bird Parks to comply with Item 3, then all property therein mentioned is to go to Joseph C. Parks and Dudley Parks." The plaintiffs contend that under the 4th item of the will they are entitled to the property referred to

therein.   It is proper to construe pleadings most strongly against the pleader; and in considering the petition as a whole, properly construed, it means that Thomas Bird Parks survived the war, and that after the death of the testator he made the house of the testator, referred to in the will, "his home and usual dwelling-place." The petition does not allege any facts showing that this was not done, but alleges that Thomas Bird Parks "abandoned said home as his usual home and dwelling-place."    The burden is on the plaintiffs to allege facts showing title in them.    Counsel for the plaintiffs in their brief contend that when Thomas Bird Parks removed from the house he forfeited his legacy, under the conditions upon which it was given to him under the will.    They contend that by reason of this removal he ceased to have his home and usual dwelling-place in the house referred to in the will, and they contend that by the terms of the will he had title to the property therein bequeathed to him only so long as he should make the house referred to in the will his home and usual dwelling-place.    In construing the provisions of the will and determining this question, the main object in view should be to determine the intention of the testator.    When this intention is ascertained, it should be given effect, unless it contravenes some rule of law.    Under the allegations of the petition, the only event in which the plaintiffs, under the will, were entitled to the property was "on failure of the said Thomas Bird Parks to comply with item 3" of the will.    There is no contention that he did not survive the war referred to in the will. What further was he to do in order to comply with item 3?   It was only necessary that he make the home of the testator, "his home and usual dwelling-place," after the death of the testator.    Under the allegations of the petition, Thomas Bird Parks, after the death of the testator, did make the house referred to his home and usual dwelling-place; and, under our view, when he did this the title to the property vested in him, and his failure to continue to make the house his home and usual dwelling-place did not work a forfeiture of the legacy and divest him of title.    It was not the intention of the testator that the title to the property was to be in Thomas Bird Parks only so long as he made the house referred to his home and usual dwelling-place.    After the death of the testator, if Thomas Bird Parks survived the war, he had a right to acquire title to the property by making the house referred to in the will his

home and usual dwelling-place.    After having thus acquired title, it would not be lost simply because he subsequently ceased to make the house his home and usual dwelling-place.    Upon the subject of losing title by abandonment, see *Tarver* v. *Deppen,* 132 *Ga.* 798 (65 S. E. 177).    Conditions subsequent, working forfeitures of title, are not favored by the law.    *Taylor* v. *Sutton,* 15 *Ga.* 103 (60 Am. D. 682).    It was not provided that Thomas Bird Parks should have title to the property only in the event he should permanently make the house his home and usual dwelling-place, or only so long as he did this.    The title to the property vested in him and became absolute when he fulfilled the conditions named in the will, by surviving the war and making the house referred to in the will his home and usual dwelling-place.    *Lowe* v. *Cloud,* 45 *Ga.* 481.    And see *Crumpler* v. *Barfield & Wilson Co.,* 114 *Ga.* 570 (40 S. E. 808) ; 1 Underhill on Wills, §§ 482, 483.

Items of the will other than the one copied in the petition were set out in the answer and were referred to in the briefs of counsel ; but it is not proper to consider the contents of the answer in passing upon a demurrer to the petition.    *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45).

The court committed no error in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed.    All the Justices concur.*