## Abel v. Wuesten, et al.

(Decided May 5, 1911.)

### Appeal from Campbell Circuit Court

1. Waste—Though a building may be out of repair, yet if the tenant makes alterations that change substantially the cha·acter of the building and require the expenditure of $1,000.00 to restore the building to its former condition the tenant is guilty of waste.

2. Consent of Landlord—Under section 2326, Kentucky Statutes, special license in writing is necessary to authorize the tenant to commit waste. Oral consent of the landlord affords the tenant no protection. As the tenant who without a special license in writing commits waste, is liable to an action of waste, it follows that in such a case the lease may be forfeited on the ground of waste.

RAMSEY WASHINGTON and NELSON & GALLAGHER for appellees.

OTTO WOLF and L. J. CRAWFORD for appellant.

OPINION OF THE COURT, ON PETITION FOR REHEARING, BY COMMISSIONER WM. ROGERS CLAY WITHDRAWING FORMER OPINION AND REVERSING.

The facts of this case are fully stated in our former opinion, which may be found in 141 Ky., 766. By that opinion the judgment of the lower court was affirmed. Thereafter the court granted a rehearing. The questions involved are again before us for determination.

Upon reconsideration, we are of opinion that, notwithstanding the leased premises were out of repair, the alterations which appellees made therein were so radical as substantially to change the character of the building. When these changes are considered in connection with the amount of money, $1,000, which it will be necessary to expend in order to restore the building to its former condition, we conclude that appellees, in making the alterations, were guilty of waste.

Section 2328, of the Kentucky Statutes, is as follows:

"If any tenant for life or years shall commit waste during his estate or term, of anything belonging to the tenement so held, without special license, in writing, so to do, he shall be subject to an action of waste, shall lose the thing wasted, and pay treble the amount at which the waste shall be assessed."

By this section a special license in writing is necessary in order to authorize the tenant for life or years to commit waste; and without such special license in writing he is subject to an action of waste. In this case appellant did not consent, in writing, to the waste committed by the appellees. His consent was oral, and does not, therefore, afford appellees any protection. Notwithstanding appellant's oral consent, they are still liable to an action of waste; and being liable to an action of waste, the lease may be forfeited on the ground of waste.

Being of the opinion that, by the alterations which appellees made in the building, they committed waste, and that appellant's oral consent was not sufficient to justify their conduct, it follows that appellant is entitled to recover the premises in question.

Wherefore, our former opinion is withdrawn and the judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.