11422. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* TRIBBLE.

SMITH, J. 1. The court's instructions in reference to the use of certain annuity and mortality tables which had been put in evidence were erroneous in some material particulars, and under all the facts of the case, including the amount of the verdict ($10,000), this court is unable to say that the error was harmless to the defendant, and that these erroneous instructions did not mislead the jury and cause them to return a larger verdict than they otherwise would have done. Another trial of the case is therefore required. See, in this connection, *Florida Central &c. R. Co.* v. *Burney*, 98 *Ga.* 1 (26 S. E. 730), and *Ransone* v. *Christian*, 49 *Ga.* 491 (2).

2. None of the remaining special grounds of the motion for a new trial shows material error.

3. As there must be another trial of the case because of the error pointed out above, the sufficiency of the evidence to support the verdict, or the question whether the judge exercised his discretion in overruling the general grounds of the motion for a new trial, is not passed upon.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 9, 1920.

Action for damages; from Monroe superior court — Judge Searcy.   March 8, 1920.

As to the use of annuity and mortality tables as a means of arriving at the present cash value of prospective earnings, in estimating damages, the court gave to the jury certain instructions set out below, which the motion for a new trial alleges were " error and calculated to confuse and mislead the jury," for the following reasons: (*a*) Movant contends that the jury might have understood therefrom that they could use both the mortality table and the annuity table in the same calculation, and the judge nowhere instructed the jury that these tables could not be used conjunctively in the same calculation and did not instruct the jury as to the real purpose the tables were intended to subserve. (*b*) The court, as movant contends, instructed the jury that the mortality table could be used to reduce the gross · amount of the plaintiff's alleged loss to its present cash value. Movant contends that the object and the only use of the mortality table is to show the plaintiff's expectancy in years, and that the court should have instructed the jury that having found the plaintiff's expectancy from the mortality table, they could, by multiplying his annual loss by his expectancy in years as thus found, determine his gross loss as shown by that table, and that having found his gross loss in this manner, they must reduce the gross loss to its present value. (*c*) Movant contends that neither the mortality table nor the annuity table can be correctly used without first ascertaining from the evidence the amount in which the plaintiff's earning capacity has been reduced per annum, — in other words, his annual loss, — and movant contends that the court nowhere instructed the jury to find the plaintiff's annual loss.. (*d*) The court, as movant contends, instructed the jury to find the plaintiff's expectancy in years from the mortality table, but nowhere instructed them how to cal-

culate his damage from his expectancy and nowhere instructed them to multiply his annual loss by his expectancy in years, in order to ascertain his gross loss, and nowhere explained the object of finding the plaintiff's expectancy. (*e*) It is contended that the court erred in not giving certain instructions set out in this ground, which mainly are in the language of forms of instructions recommended in the opinion of Lumpkin, J., in the case of *Florida Central &c. R. Co.* v. *Burney,* 98 *Ga.* 6 et seq.

The instructions complained of were as follows: "If you find any damages in favor of the plaintiff, you could not give the gross amount that he would earn during his life, but you must reduce such an amount to the present cash value thereof, figured on a basis of seven per cent. per annum. The present value of a given sum may be arrived at by dividing said given sum by one dollar plus the legal rate of interest at seven per cent. for the given time. This is just one rule by which this calculation may be made. The jury, however, is not bound to adopt this method, or any method, but are at liberty to employ any method or rule known to them and to proceed by that, provided it is a correct rule. It is your duty to determine this issue, and you should do it correctly; and, to aid you in this determination, certain tables have been put in evidence, which you can use on this branch of the case if you desire. You are not obliged to use them. One of these tables is called a mortality table, and is designed to show the expectancy of life of persons of given age, of average health and constitution. The method of using this table would be to look under the column marked 'Age' until you find the figures representing the age of the plaintiff as shown by the evidence, if the age appears; then you would look under the column marked 'Expectation, years,' to the right of the age column, and you will find figures there representing the expectancy of years of the average health and constitution of a person of the age of the plaintiff, and, according to this table, these figures would represent the number of years of expectancy of such person, — that is, the number of years he might be expected to continue in life; but whether these figures would or would not represent the plaintiff's expectancy you determine from the evidence, either increasing, decreasing, or adopting the figures thus ascertained, as you determine is right.

"The other table is called a table of annuity, and is designed to show the present cash value of an annuity of a dollar in favor of persons of a given age. This table has three columns, — one marked 'Age,' one marked 'Six per cent.,' and one 'Seven per cent.' The method of using this table is to look under the age column until you find the figures representing the plaintiff's age at the time of his alleged injury; then look under the seven per cent. column opposite this age and you will find certain figures representing dollars or fractions of dollars. The meaning of this is that the annuity of a dollar, of the age of the person therein shown, would be the amount expressed in the seven per cent. column opposite the figures representing his age; that is, that these figures would represent the cash value of an annuity of a dollar. Then, by taking the figures representing the amount of the plaintiff's loss by reason of his diminished power and capacity to labor, if you find such, and multiplying this amount by the figures representing the present cash value of one dollar, as ascertained in the manner above described, you will get the amount representing the cash value of the sum found and allowed, if any, according to the table. Whether this sum would represent the correct amount you allow on this item you must determine for yourselves, either increasing, diminishing, or adopting the figures ascertained, as you may think right."

As to the exceptions to these instructions the trial judge, in his order overruling the motion for a new trial, said: "Exception is taken to the charge of the court as to the use of the mortality and annuity tables. If the exception is conceded to be meritorious, yet if the extent and character of plaintiff's injuries are considered, the pain and suffering endured by him, it could not be said that the verdict on this element of damages alone is at all excessive, or even compensates him therefor; so it must follow that this charge, which related to another and different element of damages, was harmless, even if erroneous."

*Cleveland & Goodrich, Persons & Persons,* for plaintiff in error.
*R. L. Berner J. M. Fletcher, E. J. Reagan,* contra.