### 11971.   PAYNE, agent, *v.* CHESHIRE.

JENKINS, P. J.   1. While the act of Congress of March 4, 1915, known as the "Cummins amendment," provides that the initial carrier shall not, by reason of any agreement as to value, in its receipt or otherwise, be permitted to escape liability for "the full actual loss" to the shipment (U. S. Comp. Stat. 1918, § 8604 (a), p. 1373), and while the damages are to be measured on the basis of value at the time when and the place where the goods should have been delivered, if that is greater than the value at the time and place of shipment (Chicago &c. Ry. Co. *v.* McCaull-Dinsmore Co., 253 U. S. 97, 40 Sup. Ct. 504, 64 L. ed. 801, decided May 17, 1920), yet in the present case, as the plaintiff's evidence as to his "actual loss" was based upon the agreed valuation set forth in the carrier's receipt, and the defendant's own evidence as to value corresponded with the valuation set forth therein, the trial judge did not commit any harmful error in basing his charge on the measure of damages thus agreed upon and undisputed; since, even in the absence of evidence as to value other than at the time and place of shipment, the "goods are presumed to be worth as much or more, at the place of destination, than at the point of shipment, till that presumption is rebutted by proof." *Rome R. Co.* v. *Sloan,* 39 *Ga.* 636, 637 (4), 641. Evidence as to value at a place several hundred miles distant, which is neither the place of destination nor the place of shipment, would be immaterial. *Glynn Canning Co.* v. *Adams Co.,* 26 *Ga. App.* 365 (106 S. E. 207).

2. The exceptions to the failure of the court to comply with certain requests to charge are without merit, since the principles embodied in the requests were fully covered by instructions given.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MAY 2, 1921.   REHEARING DENIED JUNE 6, 1921.

Certiorari; from Fulton superior court — Judge Bell.   October 27, 1920.

Application for certiorari was denied by the Supreme Court.
*Lovick G. Fortson, Randolph & Parker,* for plaintiff in error.
*Charles E. Cotterill, Moore & Pomeroy,* contra.