30998.   GEORGIA STAGES INC. *et al.* v. YOUNG.

DECIDED OCTOBER 4, 1945.

*Ford & Houston, Adie N. Durden,* for plaintiffs in error.

*R. D. Smith,* contra.

SUTTON, P. J. (After stating the foregoing facts.) ■ In addition to the three general grounds of the motion for new trial, the plaintiffs in error filed an amendment with six special grounds assigning error on the charge of the court.

It is contended in special ground 4 that the trial court erred in charging the jury as follows: "I will state in this connection at this time [referring to the rules of law applicable], gentlemen, that common carriers transporting passengers for hire, under the laws of this State are required to exercise extraordinary diligence in transporting their passengers, and the law says: 'Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property. The absence of such diligence is termed slight neglect.'" A later portion of the charge was as follows: "I stated to you during the course of these instructions that the defendant in this case, Georgia Stages Inc., as a common carrier of passengers for hire, is bound to exercise extraordinary care and diligence in the transportation of its passengers. The law says: 'Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property. The absence of such diligence is termed slight neglect.'" In a still later portion the judge charged: "It is the law of this State that a common carrier of passengers for hire is bound to exercise extraordinary care and diligence in the transportation of its passengers. Even slight neglect on the part of its employee, resulting in personal injury to one lawfully upon one of its vehicles, may entail liability on the part of the carrier."

It is contended that such charges were erroneous and injurious to the plaintiffs in error, because: (a) The repetition of this principle of law was argumentative. (b) This impressed the jury that the court was fearful they would not bear in mind the duty of extraordinary care due by common carriers to passengers. (c) It impressed the jury that the court was against the defendants, and tended to mislead the jury in believing that the court had the opinion that they should find against the plaintiffs in

6

error. (d) The repetition of the same rule tended to and did weaken principles of law favorable to the defendants, and impressed the jury with the thought that the court was of the opinion the defendants below had transgressed the rule of extraordinary care; and the excessive verdict was evidence of the harm which this impression had upon the jury. (e) The use of the word "even" in the third repetition as to this rule unnecessarily emphasized to the jury that only slight neglect was necessary to hold the defendants liable for the death of the deceased; such was an expression and intimation of opinion by the trial judge; and the repeated expressions were calculated to and did impress the jury with the idea that it permitted the plaintiff to recover, if the defendants failed in any respect to exercise extraordinary care and diligence in the operation of the bus, whether or not such failure was predicated on one or more of the alleged acts of negligence.

The charge was not subject to the criticisms directed against it, and was not error for any reason assigned. It was not argumentative, although it did contain repetitions. Besides, during the charge, the court explained to the jury: "While there may be some duplications in the giving of some of these instructions I now have before me, it is rather difficult to separate or segregate the requests to charge and the charge given you by this court in any satisfactory way, so if there is any duplication, you will understand that the court is not trying to stress unduly any point in the charge, but I am merely trying to present the instructions I think necessary in the case." We think that the charge was fair to the parties and not argumentative or expressive of opinion. It is to be noted also that four times in the charge the judge stated that the burden of proof was upon the plaintiff to make out her case by a preponderance of the evidence before she could recover.

■ In special ground 5, it is urged that the court erred because of the third repetition in the charge on extraordinary care and diligence, in using the word "even," by emphasizing to the jury that only slight neglect was necessary to hold the movants liable for Young's death; and that the use of the word "even" rendered the charge argumentative and amounted to an expression of opinion as to the proved facts, and further impressed the jury with the idea that the charge permitted the plaintiff to recover, if the jury found that the defendants failed in any respect to exercise extra-

ordinary care and diligence in the operation of the bus, irrespective of whether or not such failure was predicated on one or more of the acts of negligence alleged in the petition. The judge had given in charge the substance of the Code, § 105-202, on extraordinary diligence, as stated above; and he then told the jury: "It is the law of this State that a common carrier of passengers for hire is bound to exercise extraordinary care and diligence in the transportation of its passengers. Even slight neglect on the part of its employee, resulting in personal injury to one lawfully upon one of its vehicles, may entail liability on the part of the carrier." This charge stated a correct principle of law, was applicable under the facts of this case, and was not erroneous as contended by the plaintiffs in error. Just before the third repetition on extraordinary care and diligence, the court charged the jury: "I charge you that the defendant, Georgia Stages Inc., was not an insurer of the safe transportation of the husband of the plaintiff while traveling in its motor bus as a passenger, and that he was presumed to have assumed all risks necessarily incident to motor-bus traveling by careful and prudent operation. Unless the defendants were guilty of negligence, the Georgia Stages Inc., would not be liable merely because the deceased was a passenger." The court charged the jury that, if they believed from the evidence that the husband of the plaintiff was killed without fault of the defendants, but by an unavoidable accident arising from causes beyond the defendants' control, they should find for the defendants; and further, if they believed from the evidence that the proximate cause of the death of Young was the negligent operation of another automobile by Willie Crapps, the defendants would not be liable; and then charged that, if the jury should be satisfied from the evidence that the plaintiff had not made out her case "as set up in her petition and sustained by a preponderance of the evidence one or more of the acts of negligence set up in her petition, it would be the duty of the jury to find in favor of the defendants." This ground of the motion is without merit.

■ It is complained in special grounds 6 and 7 that the court erred in charging the jury on the use of the Carlisle Mortality Table and the Annuity Table, introduced in evidence, in that the court failed to charge in connection therewith the admonition suggested by Justice Lumpkin in *Florida Central R. Co.* v. *Burney,*

98 *Ga.* 6 (26 S. E. 730), concerning the use of such tables, that is: "Care, however, must be taken to avoid confusion; and you should be very particular not to use one of them when the other ought to be used. You are also cautioned that you can not advantageously use both in one and the same calculation. While the proper use of these tables separately ought to lead to the same result, using them conjunctively or indiscriminately in the same calculation, or without understanding the real purposes they are respectively intended to subserve, will surely lead to error;" that the failure of the court to charge the above admonition was erroneous and injurious to the plaintiffs in error, not sound as an abstract principle of law, and misleading. In the case here under consideration, the judge followed the short form concerning the use of these tables, as found in Cann's Request to Charge in Civil and Criminal Cases, § 533. If further instruction on this subject was desired, request should have been made. In this case the court instructed the jury: "Certain tables are in evidence before you. One of these is the Carlisle Mortality Table and the other is a table showing the value of annuities. . . These tables are not binding on you, and you are not obliged to use them or either of them." The judge explained to the jury the methods of determining the life expectancy and the value of the life of the deceased, should they find for the plaintiff. Counsel for the plaintiffs in error cite and rely on the case of *Central of Ga. Ry. Co.* v. *Tribble,* 25 *Ga. App.* 775 (105 S. E. 251), in support of their contentions. The charge in that case and the charge in the present case are not analogous, the explanations of the use of the tables are dissimilar, and the assignments of error are not the same, save in the assignment that the tables could not be used conjunctively. The judge fully explained the correct use of the two tables. While he did not specifically charge that the tables should not be used conjunctively, the inference is equally plain that the tables should be used separately, if used at all. It is further complained in special ground 7 that the judge failed in his instructions to the jury—after instructing them, "After you have fixed upon the amount representing the yearly earnings of the deceased and the number of years he would probably have lived, you can by multiplying the one by the other, determine what would have been the gross amount of the earnings of his whole life,"—in that he did not refer to the average yearly

earnings of the deceased. However, the judge did charge them as to fixing the amount "representing the yearly earnings of the deceased," and had charged them, in estimating damages, that proper allowance and deduction should be made in favor of the defendants for any diminution in earning capacity which would probably have resulted from illness, loss of employment, etc. There is no merit in this amended ground of the motion. See *Barrett v. Brunswick,* 56 *Ga. App.* 575 (3) (193 S. E. 450).

■ Complaint is made in special ground 8 that the court erred in charging the jury with respect to the pleadings, "That they may be considered evidence to this extent—where an allegation is made in the petition and not denied in the answer, or where something is set up in the petition and admitted in the answer—that may be considered evidence," as being erroneous and not sound as an abstract principle of law. This charge is sound as an abstract principle of law. But the plaintiff in error contends that paragraphs 5, 9, and 13 of the petition were, in the answer of the defendants, neither admitted nor denied for want of sufficient information, and therefore this instruction was error. Paragraph 5 alleged that the deceased left a wife and three children. Paragraph 9 alleged that the highway where the collision occurred was paved and 18 feet wide, and that the bridge where the bus and truck collided was 18 feet wide and 120 feet long. Paragraph 13 alleged the manner in which the deceased was killed. The allegations of these three paragraphs were proved by the evidence; and besides; the defendants in paragraph 17 of their answer alleged substantially the same facts as were alleged in paragraphs 9 and 13 of the petition. In these circumstances, no error is shown by this ground of the motion.

■ In special ground 9 of the amended motion it is contended that the court erred in charging the jury on sudden emergency, as not being adjusted to the pleadings and the evidence. Under the pleadings and all the evidence, this portion of the charge was entirely proper and was not at all unfavorable or harmful to the defendants in the court below. See *Southern Ry. Co.* v. *Jackson,* 65 *Ga. App.* 316 (16 S. E. 2d, 147).

■ The charge of the court was full and fair and, in all essential matters, free from error, the verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*