## 35849.   ARCADY FARMS MILLING COMPANY
### *v.* BETTS *et al.*

Decided January 26, 1956.

*Erwin, Nix, Birchmore & Epting, Bobby B. Mitchell,* for plaintiff in error.

*George C. Kennedy, W. S. Allen,* contra.

CARLISLE, J. ■ The erroneous admission of opinion evidence as to a certain fact is usually not cause for a new trial where the same fact was shown by other opinion evidence of the same character to which no objection was made. *Trawick* v. *Chambliss,* 42 *Ga. App.* 333 (156 S. E. 268), and citations. Under an application of this rule, the trial court did not err in overruling the first special ground (numbered 4) of the motion for new trial, in which complaint is made that the trial court erred in admitting in evidence over the objection that it constituted a conclusion of the witness, L. Porter Betts, the following testimony: "My opinion is that the feed was poisoned and it killed the turkeys." At two other points in his testimony, to which no objection was made, the same witness testified: "I found out that my turkeys were dying from arsenic poisoning after I changed feed and started feeding another feed"; and, "I said I knew there was a concentration of arsenic poisoning in these turkeys that caused their death."

■ In special ground 2 (numbered 5) of the motion for new trial error is assigned upon the following excerpt from the charge of the court: "If you find that there was no partnership existing between the two defendants, then that would end your investigation and you would return a verdict for the defendants," upon the ground that the trial court erred in giving such excerpt in charge to the jury when no issue was made in the case as to whether or not a partnership existed between the two defendants as, under the state of the pleadings in which the case went to trial, the allegation of the petition that such a relationship existed between the two defendants was admitted and no plea of nul tiel partnership had been filed. Whether or not the trial court erred

in giving the excerpt in charge (in that connection see *Crockett & Co.* v. *Garrard & Co.*, 4 *Ga. App.* 360, 61 S. E. 552), it is clear that the plaintiff was not injured by such excerpt. The plaintiff's action on account was lodged aganist the defendants as a partnership. While the defendants denied on the trial that such a relationship existed between them, they brought their cross-action against the plaintiff as partners. Under the court's charge it was necessary for the plaintiff to establish the partnership relation in order for the plaintiff to recover and it was also necessary for that relationship to exist in order for the defendants to recover on their cross-action against the plaintiff. Immediately following the excerpt of which complaint is made, the court charged the jury: "If you find, upon your investigation, applying the rules of law to the evidence in the case, that there was a partnership existing, as alleged by the plaintiff, then, gentlemen, you would go further and determine the other issues [made by the cross-action] which I will call to your attention." (Brackets by this court.) The jury returned a verdict for damages for the defendants against the plaintiff on their cross-action, and necessarily, under the charge of the court, which the jury was bound to obey, it found that the relationship between the two defendants was that of a partnership, and since the jury found that relationship to exist and still found against the plaintiff, the plaintiff could not possibly have been harmed by the trial court's injection of the issue of nul tiel partnership into the case.

■ In special ground 3 (numbered 6) of the motion for a new trial, the plaintiff contends that the trial court erred in giving the following excerpt in charge to the jury: "I charge you further that if you find from the evidence that the feed for which the plaintiff sues was contaminated with poisonous materials and that such poison rendered the feed worthless, then, in that event, you should find for the defendants. If under the law as given you in charge you find that plaintiff is not entitled to recover for the feed, for which the plaintiff sues, then you would go further and determine from the evidence if the defendants have suffered damage by the plaintiff's furnishing such poisonous feed, if you find that it was poisonous. You will then look to the evidence to determine the amount of damages suffered by the defendants, and, applying the rules of law given you in charge, fix the amount that

you find the defendants are entitled to recover." The plaintiff's criticisms of this excerpt from the charge are that it authorized and required the jury to find that the defendants were not indebted to the plaintiff in any amount in order to award any damages to the defendants on account of their alleged loss of turkeys caused by the poisonous feed; that the uncontradicted evidence showed that the account covered feed and various other items delivered over a period from March 19, 1952, to December 9, 1952, which the defendants admitted receiving, while the only feed shown to have been contaminated was that which in the opinion of L. Porter Betts was contaminated and which was delivered "from along the first of July until the middle of August." We think this criticism of the excerpt from the charge to be well taken. The only damage to the defendants proved was the loss of 912 turkeys of the market value of $5.00 each. The product of those two figures, namely, $4,560, was the amount of the verdict returned for the defendants. The plaintiff was entitled under the pleadings and evidence to a set-off against those damages for all the items covered in the account which did not consist of feed and for all the feed which was not contaminated. The court's charge did not permit of such a set-off and since from the evidence this court cannot say what sum should be allowed for uncontaminated feed, a new trial must be granted. The defendants' contention, that the jury could have found that some of the feed for which they had already paid was also contaminated and that the jury made allowance in its verdict for that so as to counter-balance the non-feed items, is completely without merit. No such issue was made by either the pleadings or the evidence. The suit involved no items for which payment had been received and the defendants in their answer made no contention that feed for which they had already paid was contaminated.

As the case must be remanded for a new trial the general grounds and special ground 4 (numbered 7), which is but an elaboration of the general grounds, are not now considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*