19293. COOPER *v.* THE STATE.

CANDLER, Justice. 1. Special ground 1 of the motion for new trial complains of the court's failure to charge, without request, the following: "I charge you further that it is the contention of the defendant that his wife, Mary Cooper, was killed without any intention by him to do so, while attempting to protect himself against a felonious assault alleged to have been made by Mary Cooper upon the defendant, and that, if you should believe this were true, the defendant should be acquitted." It is alleged that this was error and its omission was harmful because such a charge was required as a matter of law upon a vital and material issue in the case, and that a failure so to charge deprived the movant of an instruction he was entitled to have given. An examination of the entire charge as given by the trial judge reveals that he charged fully and correctly on the law of accident, self-defense, and the fears of a reasonable man. Hence, there is no merit in this ground of the motion.

2. The next assignment of error, in special ground 2 of the motion for new trial, complains that the judge in his charge said to the jury: "If the jury should believe that the defendant killed the person named in the indictment by shooting her with a shotgun; that at the time of the killing the defendant was in no danger from the person killed; that the person killed was not committing or attempting to commit a serious personal injury on the person of the defendant; . . ." This ground of the motion is too incomplete to be considered by this court. It is only a portion of that part of the charge actually given by the judge on this phase of the case; and it is well settled that fragments of the court's charge on any rule of law involved in the case cannot be isolated by the movant and considered by a reviewing court. In *Wilson* v. *State,* 69 *Ga.* 224, 240 (7), it was said: "To disconnect a sentence in the judge's charge from what precedes and follows it, gives no just conception of its meaning, import or legal effect, and this court cannot consider it, except as it stands related to the other instructions given to the jury. Thus considered it is not error." To the same effect, see *Nixon* v. *State,* 75 *Ga.* 862; *Suple* v. *State,* 133 *Ga.* 601 (66 S. E. 919); *Butterworth* v. *State,* 200 *Ga.* 13 (36 S. E. 2d 301); *Jones* v. *State,* 209 *Ga.* 685 (75 S. E. 2d 429).

3. Special ground 3 alleges that the court erred in failing to charge, without request, the law of manslaughter, as defined in Code §§ 26-1006 and 26-1007, and the punishment therefor as defined in Code § 26-1008, since there was evidence requiring such a charge, and that the movant was injured by the failure so to charge. In *Cornelius* v. *State,* 193 *Ga.* 25, 29 (17 S. E. 2d 156), it was held: "Manslaughter as defined in Code § 26-1006, includes the entirely different crimes of voluntary manslaughter and involuntary manslaughter. So also voluntary manslaughter, as defined in § 26-1007, and punished as prescribed in § 26-1008, includes voluntary manslaughter where the killing is in the course of mutual combat, or under various circumstances where there is no mutual combat. Consequently the ground of the motion for a new trial quoted above does not more definitely specify wherein it is contended that the

court erred than if it had merely stated that the court erred in failing to charge the law of voluntary manslaughter. It fails to specify definitely wherein the court erred, and therefore is insufficient to present any question for decision." In support of this ruling, see the many cases decided by this court as there cited. Hence, this special ground is too indefinite to raise any question for consideration by this court, and it is, therefore, without merit. See also *Wright* v. *State*, 210 *Ga.* 212 (2) (78 S. E. 2d 494), and the cases there cited.

4. The evidence was amply sufficient to authorize the verdict, and the general grounds of the motion are therefore without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 9, 1956—DECIDED MAY 15, 1956.

*David C. Jones, P. B. Ford,* for plaintiff in error.

*W. J. Forehand, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.