39082. PURDY v. QUINN.

DECIDED SEPTEMBER 15, 1961.

*C. B. Rogers, Edward E. Dorsey, Powell, Goldstein, Fraser & Murphy,* for plaintiff in error.

*Bassett & Cochran, Al Cochran, J. M. Grubbs, Jr., Grubbs & Prosser,* contra.

HALL, Judge. The defendant contends that the sentence from the charge first above quoted amounted to the court's expression to the jury of the court's opinion that two or more of the witnesses who testified in the case were witnesses by profession; and that such language by the court was harmful to the defendant because it was reasonably understood by the jury as disparaging and reflecting on the credibility of defendant's witness, Dr. David Henry Poer, who testified unfavorably to plaintiff as to the injuries she allegedly received in the collision.

While we are in accord with the principle, for which the defendant cites authorities, that it is error for the court to express an opinion upon the evidence presented at the trial, we do not agree with defendant's contention that the charge objected to can be construed as an expression of opinion by the court. Men of ordinary capacity and understanding, we believe, would understand from the court's language in context that "professional witnesses" and "expert witnesses" were synonymous. The terms were connected by "or" which is "used to clarify what has already been said, and in such cases, means 'in other words,' 'to-wit,' or 'that is to say.' " Black's Law Dictionary, 4th Ed., 1951, p. 1246.

"The word 'professional' is used in many different senses, and in one sense is defined as meaning that which pertains to a profession, and in this sense the word implies knowledge of an advanced type in a given field of science or learning, gained by a prolonged course of specialized instruction or study, and can

only relate to some of those occupations universally classed as professions, . . ." 72 C.J.S. 1220.

The defendant qualified its witness Dr. Poer as a medical expert. He was "professional" in the sense of the above definition of the word. The court's language would convey this meaning to jurors of ordinary capacity.

"It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required." *Roberts v. McClellan*, 80 Ga. App. 199 (3) (55 SE2d 736); *Georgia Railroad v. Thomas*, 73 Ga. 350, 356.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*