40006, 40008.   MENDEL et al. v. PINKARD et al.; and vice versa.

DECIDED JUNE 20, 1963—REHEARING DENIED JULY 2, 1963.

*Westmoreland, Hall & Pentecost, John L. Westmoreland,* for plaintiffs in error.

*Troutman, Sams, Schroder & Lockerman, Allen E. Lockerman, Robert L. Pennington,* contra.

BELL, Judge. ■ The controversies presented in this appeal, stemming as they do from a contract creating a long-term lease of realty, necessitate that we first examine the agreement for ambiguity. If unambiguous, the construction of the contract, under authority of numerous decisions of our appellate courts

and *Code* § 20-701, is a question of law which the courts have a duty to perform. On the topic of ambiguity, at least, counsel seem in harmony, and we with them. As we view the instrument, it is clear and unambiguous.

While it is true that contracts must be read as a whole to determine the true intentions of the parties, counsel are agreed that paragraphs 8 and 13 of the lease contract are the only provisions of the agreement necessary for consideration in resolving this dispute. (See the factual summation for the full text of these two paragraphs.) We have carefully considered the agreement as a whole and accede to the view of counsel that other provisions of the lease do not alter or change the clear and unambiguous meaning of paragraphs 8 and 13.

The construction of paragraphs 8 and 13 urged by the present lessors is to the effect that a forfeiture is occasioned where any *material* alterations or changes in the buildings are performed by the lessee without giving prior notice of the changes contemplated and without giving to the lessor a bond conditioned upon replacing upon the leased premises improvements of equal value with the improvements to be removed or materially changed.

The successor lessees contend that the proper construction of paragraphs 8 and 13 should be that it is not necessary for them to give notice and bond to the lessors unless demand is first made upon the lessees; hence in absence of notice and bond the subject of materiality of alterations is merely a question of fact in the determination of which value would be a factor.

As we construe the lease, it is clear that the lessee was accorded the right at any time to make any repairs or improvements that lessee wished to make upon the premises. For the exercise of this right neither notice nor bond was required to be given to the lessor. The original lessor's only concern with respect to any changes, alterations, or improvements instituted by lessee and his only reason for requiring the notice and bond was merely to assure that the *value* of the premises was not decreased by them. This, we feel, was the clear and unmistakable intention of the parties signatory to the lease. This intent is clearly shown by the provision in paragraph 8 describing the condition of the bond to be that when materially altering the

buildings the bond would provide that the alterations or improvements would be at least of *equal value* to those removed or changed.

Indeed, under the broad language of paragraph 8 the lessee was even empowered *to remove* improvements from the land. "To remove" is coextensive with "to tear down and raze." The only restriction against the lessee's doing so was that there be replaced upon the land improvements of at least equal value to those removed. Here again the only reason for requiring the notice and bond was to assure that the value of the premises would not be decreased by the removal.

As we construe the agreement in paragraph 8 with respect to repairs, alterations, removals, and improvements, a breach of these covenants sufficient to support a forfeiture could occur only where this combination of events occurred: (1) the alterations were as a matter of fact material alterations or there was a razing of the buildings, (2) these material alterations when completed, or the replacement buildings, as a matter of fact decreased the value of the premises (3) and no prior notice or bond conditioned on maintaining value was given by the lessee to the lessor. Even this combination of circumstances could be waived by the lessor, as the agreement implicitly accords to the lessor the right not to insist on forfeiture with respect to any event which might otherwise work a forfeiture.

Of course, sufficient violations of other covenants of the lease, such as the failure to pay the annual rental of $2,400 and other charges against the premises or its use, could work a forfeiture under paragraph 13. But these incidents are not involved here.

Even where material alterations are made in the improvements, if as a matter of fact these material alterations enhanced or maintained the value of the improvements on an equal basis, even in the absence of notice or bond, no forfeiture would result. The only purpose of the notice and bond was to assure that any alterations, improvements, or replacements instituted by the lessee would not reduce the valuation of the premises but would at least maintain an equal value.

Counsel argue at length on their respective contentions as to the meaning of the words "fail and refuse" in paragraph 13.

Counsel for lessees urge that lessees are not bound to give either notice or bond until a demand is made and that no breach could possibly occur until after lessees' refusal to give notice and bond after demand. Counsel for lessors reply that it would be ridiculous to require lessors to determine what intentions are in the lessees' minds; therefore, the language could not mean that demand for notice would be required of lessors in order for lessors to be accorded notice. Lessors urge that the words "fail and refuse" mean simply "to fail." Forfeitures are abhorred in law and equity, *Glover v. Central Investment Co.*, 133 Ga. 62, 65 (65 SE 147); the law does not favor forfeitures, *Hicks v. Beacham*, 131 Ga. 89 (62 SE 45); *Parks v. Wilkinson*, 134 Ga. 14, 18 (67 SE 401); and provisions in contracts as to forfeiture must be strictly construed. *DeLamar v. Fidelity Loan &c. Co.*, 158 Ga. 361 (2a) (123 SE 116). Because of this public policy, the court should give effect to all of the key phrases in this penalty clause. In this context the words "fail and refuse to comply" must be regarded as meaning something more than a failure to comply. Significance must attach to the words "and refuse." We construe the words "and refuse" to mean that when breach of a covenant in the lease occurs which would support forfeiture, the harsh remedy of forfeiture does not lie until the breach is called to the attention of the lessees and they decline to comply. Therefore, under paragraph 13, both failure (which may be inadvertent) and refusal to comply after demand (involving an act of will) are essential conditions precedent to a forfeiture.

■ The grounds on which a new trial was granted arose from alleged errors in the judge's charge to the jury. (The following legal principles are applicable in Divisions 2, 3, 4 and 5 of this opinion.) In reviewing these grounds, the charge to the jury must be considered as a whole and each part considered in connection with every other part of the charge. *Aycock v. State*, 188 Ga. 550, 560 (4 SE2d 221). A charge torn to pieces and scattered in disjointed fragments may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. *Brown v. Matthews*, 79 Ga. 1 (1) (4 SE 13); *Cooper v. State*, 212 Ga. 367 (2) (92 SE2d 864); *Essig v.*

*Cheves,* 75 Ga. App. 870 (6) (44 SE2d 712); *Johnson v. Spielberg,* 92 Ga. App. 277 (88 SE2d 509); *Youngblood v. Ruis,* 96 Ga. App. 290 (99 SE2d 714); *Jordan v. Fowler,* 104 Ga. App. 824, 826 (123 SE2d 334). Further, a charge must be not only erroneous but harmful before a new trial should be granted because of it. *Harrison v. Hester,* 160 Ga. 865 (3) (129 SE 528); *Loeb v. Whitton,* 77 Ga. App. 753, 755 (49 SE2d 785); *Atlantic C. L. R. Co. v. Wegner,* 90 Ga. App. 267, 273 (83 SE2d 58); *Arcady Farms Milling Co. v. Betts,* 93 Ga. App. 255 (2) (91 SE2d 289).

In special grounds 4, 5, 6, 7 and 8 of the lessors' motion for new trial the lessors contended, and the trial judge apparently agreed, that it was error to instruct the jury that forfeiture is not favored and that forfeiture clauses should be strictly construed against the party claiming forfeiture.

The lessors contended that the court should not have informed the jury in grounds 4 through 8 that forfeitures are not favored by the law. We do not agree that this is error, since this is an accurate abstract principle of law and was adjusted to the pleadings, evidence and issues in the case. *Glover v. Central Investment Co.,* 133 Ga. 62, 65, supra; *Hicks v. Beacham,* 131 Ga. 89, supra; *DeLamar v. Fidelity Loan &c. Co.,* 158 Ga. 361 (2a), supra. Furthermore, taking the charge as a whole the jury was clearly instructed that, in spite of the principle that forfeitures are not favored, grounds for forfeiture had occurred if certain specified facts were found by the jury.

The lessors also contended that these instructions placed too heavy a burden of proof on them as plaintiffs in this case. We find, however, that the court was merely stating an applicable portion of one of the statutory principles of interpretation which it employed in construing the lease for the jury. *Code* § 85-902. As such, these statements had no relationship to the lessors' burden of proof and could not have been harmful error. Toward the end of his charge, the judge instructed the jury fully on the lessors' burden of proving their case by a preponderance of the evidence. The repetition in grounds 4 through 8 of the principle that forfeitures are not favored did not constitute an expression of opinion by the judge or unduly stress the point to

the detriment of the lessors. *Georgia Stages, Inc. v. Young*, 73 Ga. App. 2, 5-6 (35 SE2d 552.)

The lessors also contended that the effect of these charges, especially that complained of in ground 8, was that the trial judge was instructing the jury to construe an unambiguous contract. In Division 1 of this opinion we concurred in the proposition that this contract is not ambiguous and that it should be construed by the court rather than the jury. The language in question is that portion of the charge instructing the jury that they should find whether the lease "provided for a forfeiture for the violation of the provision of the lease claimed by the plaintiffs to authorize the forfeiture." While this portion of the charge could have been better phrased, subsequent instructions, however, left no room for doubt that a breach of the covenants in section 8 of the lease would be grounds for forfeiture under section 13. One of these instructions is: "I charge you that parties to a lease agreement may agree between themselves that, if one of them should do or fail to do a certain thing, the lease should then be at an end. In the present case, paragraph 13 of the lease provides that a failure by lessees to comply with the provisions of the lease shall give the lessors the right to declare the lease forfeited. Therefore, if you should find, in accordance with the instructions given by the court, that the lessees did violate paragraph 8 of the lease, then such violation would entitle the lessors to the possession of the property and your verdict would be for the plaintiffs."

Giving due consideration to the charge as a whole, the charge complained of was sufficiently clear to be understood by jurors of ordinary capacity and understanding and it is not ground for a new trial. *Essig v. Cheves*, 75 Ga. App. 870, supra; *Purdy v. Quinn*, 104 Ga. App. 385 (121 SE2d 699).

The court erred in granting a new trial on grounds 4, 5, 6, 7 and 8.

■ In special ground 9 of lessors' motion for new trial they contended, and the judge agreed, that it was error to charge that under a long-term lease the lessee is allowed greater latitude in making alterations or changes than in leases for short terms.

The lessors contended that this charge permitted the jury to

engraft terms outside those contained in the lease. We find, however, that the instruction is a correct statement of law, 51 CJS 1111, Landlord and Tenant, § 372; *Evans Theatre Corp. v. DeGive Investment Co.*, 79 Ga. App. 62, 64 (52 SE2d 655); Rosenblum v. Neisner Bros., Inc., 231 F2d 322 (7th Cir.), cert. den. 352 U. S. 826, 57 ALR2d 954; Spring Street Realty Co. v. Trask, 126 Cal. App. 765 (15 P2d 195), which the trial court properly construed as having been within the contemplation of the original parties when they drafted paragraph 8 of the lease containing broad authority for the lessee to improve the leased property.

Also, in a later portion of the charge, the trial court cured any possible harm by instructing the jury to look only to the specific provisions of the lease to determine what could or could not be done to the leased premises by the lessees.

The trial court erred in granting lessors' motion for new trial on this ground.

■ In special grounds 10 and 11 lessors contend that the court erred in charging the jury to the effect that "the fact defendants made material changes and alterations and removal of improvements . . . would not of itself authorize a forfeiture" even if made "within the meaning of the lease" unless the jury found that the lessees "failed to give the notice or failed to give the bond as called for by the provisions of the lease."

These instructions, even if we were to assume them to be erroneous, arguendo, could not constitute reversible error in the lessors' interest, as their wording is strongly in lessors' favor. The instructions authorized the jury to find a forfeiture where material changes have taken place without notice and bond given to lessors without any consideration being given to the *value* of the premises after completion of the work. This court has construed the lease to mean that it is essential, in order to work a forfeiture under paragraphs 8 and 13 of the lease, for material changes, etc., that it be shown that a *reduction in value* of the premises took place by reason of the material changes made, and this whether or not notice and bond were given by the lessee. (See Division 1.)

Since these charges were favorable to the party complaining,

there was no harmful error and a new trial should not have been granted on these grounds. *Nuckolls v. Anderson*, 120 Ga. 677 (48 SE 191); *Reece v. State*, 208 Ga. 165, 168 (66 SE2d 133); *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.*, 3 Ga. App. 212 (59 SE 713); *Orr v. Planters Phosphate &c. Co.*, 8 Ga. App. 59 (68 SE 779); *Payne v. Norris*, 88 Ga. App. 850 (2) (78 SE2d 351).

■ In the charge involved in ground 12 of lessors' motion for new trial, the court had instructed the jury that the lessees would have had the right to make each of the enumerated changes and alterations in the building, which defendants had admitted making, if the defendants did not thereby materially alter or change the building. The court granted a new trial on this ground.

The lessors contended that the long charge was confusing and tended to stress unduly the contentions of the lessees. It is not error to charge the contentions of a party based on the evidence, *Murphy v. Fuller*, 96 Ga. App. 403 (5) (100 SE2d 137); *Stansfield v. Gardner*, 56 Ga. App. 634, 647 (193 SE 375); and length and repetition in themselves do not place undue stress on the contentions of a party or constitute an expression of opinion by the judge. *Macon, D. &c. R. Co. v. Joyner*, 129 Ga. 683 (59 SE 902); *Millen &c. R. Co. v. Allen*, 130 Ga. 656, 658 (61 SE 541); *Georgia Stages, Inc. v. Young*, 73 Ga. App. 2, 6, supra; *Harmon v. Givens*, 88 Ga. App. 629, 639-641 (77 SE2d 223). In addition, this charge is more favorable to the complaining lessors than the terms of the lease justify, since the court did not instruct the jury at any point in the whole charge that to work a forfeiture the jury must determine not only whether the changes made were material but also whether these changes had the effect of diminishing the value of the improvements existing when the changes were made. See authorities cited in Division 4 in relation to grounds 10 and 11 relating to charges favorable to the complaining party.

The trial court erred in granting the motion for new trial on special ground 12 of lessors' motion for new trial.

■ We turn now to the lessors' cross bill.

In support of their assignment of error on the trial judge's

order overruling their motion for a judgment n.o.v., the lessors have cited a number of cases from other jurisdictions which have held as a matter of law that alterations strikingly similar to those involved in these proceedings were material changes. The case most closely in point is F. W. Woolworth v. Nelson, 204 Ala. 172 (85 S 449) (1920).

In the Woolworth case the lease provided: "The lessee shall have the right to make such alterations and changes in such parts of the building as it finds necessary for its purposes . . . providing that such alterations will not injure the building."

The Alabama court said: "We observe, at the outset, that this authority to change and alter is granted to the lessee, and is limited (1) by the necessities of its contemplated use, and (2) by the inhibition against injury to the building . . ." P. 451.

Unlike the Woolworth lease provision, paragraph 8 of the lease involved in these proceedings does not limit permissible changes and alterations either as to the purpose or extent of renovation. In paragraph 8 protection of the value of improvements is the overriding factor.

The following decisions relied upon by lessors, all of which involve short-term leases, are also unpersuasive because the lease provisions are clearly distinguishable.

In Pearson v. Sullivan, 209 Mich. 306 (176 NW 597), there was no provision in the lease dealing with the lessee's right to alter and change the building. On the basis of common law principles the court held that the proposed changes constituted waste. In Abel v. Wuesten, 143 Ky. 513 (136 SW 867), the lessee specifically covenanted not to commit waste or to do anything which would increase lessor's fire insurance rates. In Agate v. Lowenbein, 57 N.Y. 604 (57 ALR2d 966), the lease only permitted inside alterations which would not injure the premises.

In Peer v. Wadsworth, 67 N.J.E. 191 (58 A 379), the lease specifically prohibited lessees from making any alterations in the leased premises without lessor's written permission. There were also strong lease restrictions concerning the use of the building.

In Berger Properties, Inc. v. Kay Jewelry Co., 147 Misc. 173 (263 NYS 576), the tenant had agreed not to make any alteration or additions to the premises without first obtaining the landlord's written permission.

In Niestadt v. Joseph, 81 Ind. App. 355 (139 NE 336), a short-term lease merely granted the right to sublet and make alterations in the interior of the room, with the right to remove these alterations at the termination of the lease. In Hamburger &c. Co. v. Settegast, 62 Tex. Civ. 446 (131 SW 639), the court did not refer to the terms of the lease and decided the case on common law principles of waste.

Here, there is evidence in the record that the improvements, alterations, and changes performed on the premises since 1921 have not only maintained the value of the property but have enhanced the value. Where there is an evidentiary basis for the jury's verdict, the jury being free to discard or believe whatever facts were inconsistent with their conclusion, it is error for the court to substitute its conclusions for those of the jury and enter a judgment n.o.v., and on such a motion, the evidence must be accepted which is most favorable to the party in whose favor the verdict was rendered. *Echols v. Thompson,* 211 Ga. 299, 303 (85 SE2d 423).

The appellate court will not disturb the trial court's refusal to grant a new trial on the general grounds if there is any evidence at all to support the verdict. *Peek v. Peek,* 207 Ga. 72, 73 (2) (60 SE2d 138); *Middleton v. Waters,* 205 Ga. 847 (55 SE2d 359).

The court did not err in denying plaintiffs-lessors' motion for judgment n.o.v. and in denying the motion for new trial based on the general grounds.

■ Lessors complain that the trial judge erred in overruling special grounds 13, 14 and 15 of their motion for new trial. In these grounds lessors contend that the trial court erred in refusing to allow an architect-engineer, a general contractor, and another architect to answer questions as to whether changes made were material.

This court has held in Division 1 that the effect of changes and alterations on the value of the premises is the controlling

factor under paragraph 8 of the lease, even where material alterations are concerned. In the light of this holding, even though refusal to admit testimony on this point may have been error, it did the plaintiffs-lessors no harm. See authorities cited in Division 2.

The trial court did not err in overruling special grounds 13, 14 and 15 of lessors' motion for new trial.

■ Lessors assign as error in their cross bill the overruling of special grounds 16, 17 and 18 of their motion for new trial.

The lessors contended in these grounds that the court erred in allowing evidence in the case that whatever was done by the lessees did not diminish the value of the buildings. This evidence is clearly admissible in view of this court's construction in Division 1 that, under the terms of paragraphs 8 and 13 of the lease, the maintenance of the value of the premises after improvements is the controlling factor. *Thomas v. State of Ga.,* 95 Ga. App. 699 (99 SE2d 242).

The court did not err in admitting this evidence.

The judgment of the trial court granting a new trial on the basis of special grounds 4 through 12 of plaintiffs-lessors' motion for new trial is reversed.

The judgment of the trial court overruling plaintiffs-lessors' motion for judgment notwithstanding the verdict and overruling plaintiffs-lessors' motion for new trial on the general grounds and on special grounds 13 through 18 is affirmed.

The trial court is directed to enter judgment for the defendants-lessees.

*Judgment affirmed in part and reversed in part with directions. Hall, J., concurs. Carlisle, P. J., concurs specially.*

CARLISLE, Presiding Judge, concurring specially. I concur in the judgment reversing this case. However, I feel constrained to say that I do not fully agree with the holding in Division 2 of the opinion to the effect that it was not error for the trial judge to inform the jury in grounds 4 through 8 that forfeitures are not favored by the law. However, whether this holding is erroneous or not or whether the trial judge erred in making the charge or not is entirely immaterial and harmless for the reason that the evidence demanded a verdict in favor of the lessees.

A breach of paragraph 8 of the lease does not give rise to a forfeiture until and unless the lessees "refuse," after demand, to comply with said paragraph or cure the breach thereof. There is no proof in this case that the plaintiffs-lessors made such a demand upon the lessees either prior to or after the alleged breach and prior to their attempt to declare the lease forfeited. The lessors, therefore, are not entitled to declare the lease forfeited and the verdict in favor of the lessees was demanded by the evidence. Under these circumstances, the granting of a new trial to the plaintiffs-lessors was error and the verdict should stand. The cross bill of exceptions of the lessors, complaining only of charges of the court and the admission and rejection of evidence which admitted evidence if rejected and which rejected evidence if admitted, could not have changed the result of the case, should be dismissed.