41173.  MYERHOLTZ et al. v. GARRETT.

HALL, Judge.  The defendant assigns error on the judgment of the trial court overruling his motion for new trial in this negligence action involving the collision of vehicles on the highway.  *Held:*

■ In the first two and one-half pages of the charge the court charged the jury the plaintiff's contentions as made in his petition, prefacing his statements from time to time with the words "he contends."  At one place in this part of the charge the court began, "He contends" and stated the substance of a part of one paragraph of the petition, and continued, without repeating "he contends" to state the final allegation in the paragraph.  The defendant's argument, in special ground 1 of the motion for new trial, that this statement of an allegation of the petition constituted an expression of opinion by the court as to what the facts showed is unsound.  *Purdy v. Quinn,* 104 Ga. App. 385, 387 (121 SE2d 699); *Merritt v. State,* 110 Ga. App. 150, 155 (137 SE2d 917).

■ Special ground 2 complains of the following excerpt from the court's charge: "I charge you further that the defendants have filed an affirmative defense in this case in that the road was under construction on May 25, 1962, and I charge you that the burden of proof of this defense would be on the defendants, Myerholtz and Shepherd Construction Company, and not the plaintiff, to show you by a preponderance of the evidence, as previously charged you, that they would be entitled to a verdict at your hands."  The defendant in its answer alleged facts to show that the plaintiff was negligent, and alleged that the plaintiff's negligence was the sole proximate cause of the collision and of any damages resulting therefrom; and the court instructed the jury that the defendant made this contention in its answer.  It is not error to say

that the defendant had the burden to prove it was entitled to a verdict under this affirmative defense. *Falkner v. Behr,* 75 Ga. 671, 674; *Western &c. R. Co. v. Casteel,* 138 Ga. 579, 580 (75 SE 609); *Payne v. Cheshire,* 26 Ga. App. 746 (107 SE 557).

The defendant argues that the excerpt referred to the defendant's contention that at the time of the collision it was engaged in highway work and therefore was exempted by law (Ga. L. 1953, Nov. Sess. pp. 556, 565; *Code Ann.* § 68-1603 (b)) from traffic regulations prohibiting use of the left half of the highway and prohibiting vehicles standing on the highway (Ga. L. 1953, Nov. Sess. pp. 556, 581, 597; *Code Ann.* §§ 68-1633, 68-1668), and was not negligent per se if found to have done acts prohibited by these regulations. The defendant would have the burden to prove it came within the statutory exemption. 8 Am. Jur.2d 372, § 816; 131 ALR 603. The court charged fully and fairly on the principles of law upon which the defendant relied and upon the plaintiff's burden of proof. We do not believe that by this excerpt the jury would have been misled to think that the defendant had the burden of proof upon all the issues in the case. Considering the charge as a whole, this excerpt, though its wording could have been clearer, was not error harmful to the defendant. *Evans v. State,* 68 Ga. App. 207, 209 (22 SE2d 618); *Radney v. Levine,* 75 Ga. App. 137 (42 SE2d 644); *Homasote Co. v. Stanley,* 104 Ga. App. 636, 639 (122 SE2d 523); *Venable v. Gresham,* 105 Ga. App. 720, 724 (125 SE2d 507).

■ The trial court did not err in overruling the general grounds and special ground 3 of the motion for new trial. *Powers v. Pate,* 107 Ga. App. 25, 27 (129 SE2d 193).

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

DECIDED MARCH 16, 1965.

C. E. Sutton, Erwin, Birchmore & Epting, Eugene A. Epting, for plaintiffs in error.

Walton Hardin, contra.